**Ralph CASTRO, Appellant,**

v.

**John H. KLINGER, etc., et al., Appellees.**

**No. 20919.**

United States Court of Appeals
Ninth Circuit.
Feb. 24, 1967.

848

Ralph Castro, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before DUNIWAY and ELY, Circuit Judges, and POWELL, District Judge.

ELY, Circuit Judge.

This appeal is from the District Court's denial of appellant's petition for writ of habeas corpus.

Castro is a California state prisoner. Pursuant to his conviction of the crime of manslaughter, the California court, on August 7, 1957, sentenced him to a term of confinement. The judgment of conviction was affirmed on July 16, 1958. People v. Castro, 162 Cal.App.2d 177, 327 P.2d 596. Thereafter, on July 1, 1964, a petition for habeas corpus was filed in the Supreme Court of the State of California. The record before us does not reveal the alleged grounds of this petition. Upon its denial, another petition was filed in the United States District Court for the Northern District of California. It was denied in April, 1965.

Subsequently, on June 11, 1965, Castro presented another petition, this time to the United States District Court for the Southern District of California. It was denied on July 6, 1965, the district judge grounding the denial upon the basis that there was no showing that state remedies had been exhausted.

The petition with which we are concerned was then filed on September 23, 1965. Like its predecessor, it was also filed in the then Southern District of California. It alleged that, subsequent to the denial of July 6, 1965, Castro had "complied with this Honorable Court's order," and that his "petition for a writ of habeas corpus was denied on September 8, 1965, #9333." Notwithstanding this allegation, the petition was denied on the same ground as that which immediately preceded it, namely, that there had been a failure to exhaust available state remedies. While the appellant did not precisely allege the step which he had taken between the time of the denial of the petition on July 6, 1965 and the filing of the next petition on September 23, 1965, we can see that the intervening

petition was filed in the Supreme Court of California and denied by that court.

Castro based his latest petition upon the principal contention that incriminating statements, presented by the prosecution as evidence against him in his original trial, were improperly obtained and improperly introduced. He alleges that he gave the statements to investigating officers during their interrogation following his arrest and that the statements were not made until after the officers had denied his request for counsel. He further alleges that he was not given the cautionary warnings now required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In connection with the allegation that he was denied his request for counsel, Castro relies upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). His trial commenced long before the announcement of the rules of *Escobedo* and *Miranda;* hence, there is no basis for his reliance on the rules established in those cases. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Next, appellant alleges that he made the incriminating statements because the interrogating officers "led petitioner into believing that his victim was still alive. Knowing all the time during the interrogation that the victim had been dead for three days." He contends that the concealment by the officers of the fact that "his victim" had died amounted to the exertion of "psychological force" which is constitutionally forbidden. There is no allegation that the officers were guilty of affirmative deception, and it is difficult for us to perceive a reason as to why the incriminating statements may have been less voluntary merely because of Castro's mistaken assumption that "his victim" had not died from the injuries which he had inflicted. Even if there is an obscure reason which is not defined in the allegations, the interrogating officers did not, by the mere failure to divulge information within their knowledge, infringe on

rights conferred upon Castro by federal law. This follows, a fortiori, from our decision in Pembrook v. Wilson, 370 F.2d 37 (9th Cir. 1966). There, we wrote,

"Pembrook also alleged that he was subjected to 'psychological' coercion in connection with his giving of incriminating statements. This type of coercion allegedly resulted when his police interrogators, knowing that the victim was dead and suspecting that Pembrook was the murderer, led Pembrook to believe only that the victim had been taken to the hospital. In our opinion, proof of this alleged misrepresentation would not, of itself, establish that the incriminating statements were obtained by psychological coercion in the constitutional sense." 370 F.2d at 40 n. 7.

Finally, it is alleged that the officers chose "brutality as a last resort to obtain incriminating statements from petitioner," that "physical * * * force was used upon petitioner," and that "out of fear of further physical punishment petitioner made self-incriminating statements * * *." It can be said that the allegations are not sufficiently explicit. It can hardly be said, however, that they do less, in effect, than to charge that the statements resulted from physical coercion.

When a charge of brutality is leveled against police officers, the one who makes the charge should be required to support the general allegation by the specification of precise facts upon which the general claim is based. In this case, however, the District Court did not deny Castro's petition because the principal allegation was conclusionary and defectively made. Had the court reached that decision, it should have afforded Castro, unlearned in the law and undertaking to represent himself, an opportunity to amend and enlarge upon his allegations. The District Court, however, predicated its action solely "upon the same ground which was the basis of Judge Westover's denial of July 6, 1965—failure to exhaust presently available state procedures—." In this, we are constrained

to hold that the District Court committed error. It either overlooked or disregarded the fact, heretofore mentioned, that following the order of July 6, 1965, Castro applied for relief to the Supreme Court of California and that his petition in that court was denied on September 8, 1965, fifteen days before the filing of the petition here involved.[1]

The appellee urges that the District Court's order was nevertheless proper because, says he, the appellant did not allege that he had sought and been denied relief in the Superior Court of the State of California, the state's court of original trial jurisdiction, or in the Court of Appeal, California's intermediate appellate court. Both of these courts, as well as the state supreme court, are granted original jurisdiction to entertain applications for writs of habeas corpus. Cal. Const. art. 6, §§ 4, 4b, 5. In denying the appellant's petition for habeas corpus on September 8, 1965, the state supreme court did not specify the reason for its order. Citing In re Hillery, 202 Cal. App.2d 293, 294, 20 Cal.Rptr. 759 (1962), the appellee argues that California's highest court may have predicated its action, not upon a determination of the merits of Castro's claims, but upon the fact that he had not first presented his contentions to the state's lower courts.

From our standpoint, the failure of the California court to reveal the basis of its denial, whether substantive or procedural, is unfortunate. We cannot, however, by indulging in speculation, foreclose appellant's right to a determination of his claim that a substantial federal right has been infringed. In this case, the right, as well as the duty, of making the first determination as to the validity of appellant's claim of coercion was vested in the courts of California. From the record, we cannot discern that the right has been exercised or the duty performed.

■ Here we have a record of the California Supreme Court's denial, without explanation, of appellant's petition for habeas corpus. If that court had determined the advisability of an evidentiary hearing, it was empowered to refer the dispute to its inferior courts, or to designate a referee, for resolution of any factual disputes which may have been involved. See e. g., People v. Rosoto, 62 Cal.2d 684, 43 Cal.Rptr. 828, 401 P.2d 220 (1965). In the light of this consideration and in light of the fact that the appellee, urging us to indulge in speculation, made no showing that the California Supreme Court did not reject appellant's petition from consideration of the merits, we are compelled to hold that appellant's latest petition in the federal court should not have been denied upon the ground that he had failed to exhaust state remedies which were available to him.

The order from which the appeal is taken is reversed. Upon remand, the District Court will afford the appellant the opportunity to amend his allegations and thereafter make a determination according to procedure which is appropriate under the teaching of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

Reversed and remanded.

---

1. In this connection the appellee states in his brief that the district judge "may have taken the petition [alleging that a petition for a writ of habeas corpus was denied on September 8, 1965] as being an expression of disagreement" with the denial of July 6, 1965 "rather than an attempt to comply with it, *though a consideration of the dates involved might have led him to the true situation.*" (Emphasis added.)