[No. 40122.  Department Two.  January 30, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. PRESTON RAY GRIFF, *Appellant.**

*Robert G. Kerr,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson,* for respondent.

FINLEY, J.—Appellant was convicted of grand larceny by color or aid of a check. RCW 9.54.010(2). Appointed counsel, having submitted a brief upon which an appeal could be based, sought leave to withdraw. The state then moved to dismiss the appeal as frivolous. *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 Sup. Ct. 1396 (1967). The matter was heard before the court in oral argument, and the merits of the appeal have been considered by the court.

Three points were raised by appellant's counsel: a claimed failure to sufficiently prove the market value of the goods obtained; a claimed denial of counsel under the principle of *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 Sup. Ct. 1926 (1967) and *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 Sup. Ct. 1951 (1967); and

*Reported in 450 P.2d 486.

claimed excessive latitude in the cross-examination of the defendant. Having examined the briefs and record, we find the first and third assignments of error to be frivolous.

In order to properly face the issues presented by the second assignment of error, the record must be briefly summarized. The prosecution sought to prove that the defendant had committed grand larceny by opening a checking account, drawing checks against insufficient funds, obtaining goods from retail merchants through these checks, returning the goods, and thus obtaining cash refunds. To support its case, the prosecution introduced the checks used in the scheme, bank statements, testimony by bank employees as to the signatures and markings of the various checks as compared with each other and with a valid check drawn by the person opening the account, and identification testimony of several sales personnel. One sales person identified the defendant by a prominent mole, which he had observed while fitting him with sportscoats.

The defense introduced signature comparisons and a denial by the defendant of his guilt. This denial was substantially impeached when the defendant testified falsely on cross-examination, and later took the stand to recant certain testimony.

The testimony of the identifying witnesses was challenged on the ground that they had been shown certain photographs of the defendant prior to the in-court confrontation. This, it was asserted, violated the principle of *United States v. Wade, supra,* and *Gilbert v. California, supra.*[1] Those cases, of course, concerned lineups rather than photographic identifications. In *Simmons v. United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 Sup. Ct. 967 (1968), the Supreme Court considered the photographic identification problem. The opinion in that case distinguished *Gilbert* and *Wade* on the basis of the relief sought, and then proceeded to lay down a case-by-case due process

---

[1] As we are of the opinion that such contentions are frivolous unless the identification complained of took place after June 12, 1967, counsel seeking to extend the rule of *Gilbert* and *Wade* in this court should establish the date of the identification of record. *See Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 Sup. Ct. 1967 (1967).

standard for relief. The *Simmons* opinion, although it contains important dicta as to the proper use of photographic identification, is in no sense dispositive of the applicability of *Gilbert* and *Wade* to the photographic identification situation.[2]

However, if *Gilbert* and *Wade* apply to this photographic identification,[3] the error complained of is still subject to the harmless error rule announced in *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 Sup. Ct. 824 (1967). *Wade*, 388 U.S. at 242; *Gilbert*, 388 U.S. at 272. In *State v. Johnson*, 71 Wn.2d 239, 427 P.2d 705 (1967), we held that where sufficient proof of the value of stolen property had been properly admitted in evidence to prove grand larceny, it was harmless error to admit into evidence proof of the value of other property which had been obtained by a constitutionally impermissible search.

In this case, we confront a more difficult issue. Identity is not easy to prove. All of the identifications were arguably tainted. One of these was independently corroborated by the testimony as to the defendant's mole. If the defendant is given the benefit of the *Gilbert-Wade* rule arguendo, two of the three identifications must be considered as failures to identify.

*Chapman* requires this court to determine if there is a reasonable possibility that the evidence complained of might have contributed to the conviction. This test has

[2]Dealing with a pre-*Wade-Gilbert* time sequence, *Simmons*, split the court 7-1 on the identification issue. Justice Black, though favoring affirmance, found the majority rationale incompatible with his views of due process. As the same court, plus Justice Clark, split 6-3 in *Wade* and *Gilbert*, with Justice Black in the majority, it would appear that *Simmons*, regardless of its dicta, is not dispositive of the issues with regard to photographic identification raised by *Wade* and *Gilbert*. As Justice Black's dissent in *Simmons* does not speak to denial of counsel, all of the *Gilbert-Wade* majority remaining on the court, plus Justice Marshall, could extend the rationale of those opinions to the photographic identification situation, while remaining consistent with their previously expressed opinions.

[3]Assuming that they did, defendant would be entitled only to remand for an evidentiary hearing as to the date and circumstances of the out-of-court photographic identification, and to a factual determination of the issue of taint. *See Gilbert* and *Wade*.

been elaborated by the California Supreme Court as not requiring reversal unless examination of the entire record leads to the conclusion that there is a reasonable possibility that the error materially influenced the jury in arriving at its verdict. *People v. Coffey,* 67 Cal. 2d 204, 60 Cal. Rptr. 457 (1967).

Application of that standard to the instant case requires us to consider the corroborated identification of the first prosecution witness, the evidence as to the signatures, and the exhibits introduced by both the prosecution and the defense. A circumstantial case could have been built from the exhibits and signature testimony. To that case, the prosecution added identification by an employee of one of the victims of the crime. Against this, the jury would weigh the fact that two witnesses, serving many customers in the course of a day, could not identify the defendant. No witness testified that the defendant was not the man who had committed the crime. The two redundant identifications made by the tainted witnesses could not have materially affected the verdict of the jury; and the failure to exclude their arguably tainted testimony was therefore harmless error.

The judgment is affirmed.

HUNTER, C. J., HILL and HAMILTON, JJ., and POYHONEN, J. Pro Tem., concur.