Jay Burton JONES, Appellant,

v.

Walter E. CRAVEN, Warden, Appellee.

No. 24589.

United States Court of Appeals, Ninth Circuit.

June 23, 1970.

Rehearing Denied Aug. 4, 1970.

Jay Burton Jones, in pro. per.

Thomas C. Lynch, Atty. Gen., Wm. E. James, Asst. Atty. Gen., Wm. V. Ballough, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before ELY, CARTER, and KILKENNY, Circuit Judges.

PER CURIAM:

Jones is a California state prisoner, having been convicted of the crime of burglary. Cal. Penal Code § 459. The District Court denied his petition for habeas corpus without having conducted an evidentiary hearing. The record of the state court proceedings is not before

us, and, as far as we can ascertain, it was not introduced as an Exhibit in the court below.

In his brief in this court, Jones challenges his state court conviction on numerous grounds which were inadequately presented to the District Court. As an example, Jones claims in his brief that police officers employed impermissibly coercive procedures in requiring him to reenact his crime in the presence of a potential witness. He did not, however, in his petition, specify wherein the introduction of evidence resulting from the alleged coercion, if any such evidence were introduced at all, operated to his prejudice. The same may generally be said as to his contention that he was the victim of an unconstitutional search and seizure.

In any event, California's Attorney General insists that the California state courts have never been afforded the opportunity to make the first determination concerning any significant allegations which Jones may have presented in the District Court. As we read his brief, the Attorney General concedes that Jones is entitled to an evidentiary hearing in the California courts. In these circumstances, we hold that Jones must first exhaust his available state remedies.

Affirmed.

McCree, Circuit Judge, dissented and filed an opinion.