**Roger Marvin WILLIAMS, Appellant,**

v.

**Louis S. NELSON, Warden of San Quentin State Prison, and the People of the State of California, Appellees.**

No. 24152.

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1970.

Rehearing Denied Sept. 11, 1970.

———◆———

Roger Marvin Williams, in pro. per.

Thomas C. Lynch, Atty. Gen., Edward P. O'Brien, Michael Buzzell, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before MERRILL and KOELSCH, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

The appellant, a prisoner of the State of California, was convicted and sentenced on January 21, 1966, for first degree robbery. On June 20, 1968, the appellant petitioned the United States District Court for the Northern District of California for a writ of habeas corpus, which was denied by the court on the same day without an evidentiary hearing. (Tr 22–23). A subsequent motion for rehearing was denied by the District Court on February 20, 1969, (Tr 33) and this appeal followed.

■■ The District Court denied the original petition and the motion for rehearing on the ground that the appellant had failed to exhaust his state remedies before resorting to the federal court for habeas corpus relief. We affirm the order of the District Court.

The record reflects that while the appellant appealed his conviction to the California Court of Appeal, he has not sought any relief in the California Supreme Court other than the submission to that court of a motion by which the appellant endeavored to ascertain the status of his case in the California appellate courts. The District Court correctly held that the appellant might present the issues raised here by a petition for a late appeal to the California Supreme Court under Rule 31(a) of that court's rules, or by petition for writ of habeas corpus in the State courts. We agree with the District Court that an appeal to the California Supreme Court by the appellant's co-defendant did not serve to resolve the issues presented by the appellant here. The questions raised by the appellant involve constitutional priv-

* Hon. Fred. M. Taylor, United States District Judge, District of Idaho, sitting by designation.

ileges which are personal to him, and therefore an appeal by his co-defendant can not exhaust the appellant's remedies in the state courts.

A review of the record before this court clearly shows that the District Court correctly concluded that the appellant has not exhausted his available state remedies. Jones v. Craven, 428 F.2d 478 (9th Cir., filed June 23, 1970); Murphy v. Wilson, 409 F.2d 840 (9th Cir. 1969); Palmer v. Comstock, 394 F.2d 395 (9th Cir. 1968).