William **TURNER**, Plaintiff-Petitioner,

v.

G. P. **LLOYD**, Superintendent, Defendant-Respondent.

No. 26163.

United States Court of Appeals, Ninth Circuit.
March 4, 1971.

Michael D. Nasatir, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for plaintiff-petitioner.

Evelle J. Younger, Atty. Gen., Los Angeles, Cal., for defendant-respondent.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

This appeal was taken from the district court's denial of appellant's petition for a writ of habeas corpus for failure to exhaust available state court remedies within the meaning of 28 U.S.C. § 2254. This court has jurisdiction under 28 U.S.C. § 2253, and Rule 22 of the Fed.R.App.Proc. We affirm.

Appellant was committed in a civil proceeding by the Superior Court of Los Angeles County as an individual in imminent danger of becoming addicted to narcotic drugs under California Welfare and Institutions Code Sections 3100 et seq. No appeal was taken.

One month thereafter, a petition for a writ of habeas corpus was filed in the Superior Court of Riverside County and denied. A second petition was immediately filed in the Court of Appeals of the State of California, Fourth Appellate District. While this petition was pending, appellant was transferred to another institution outside the territorial jurisdiction of the Fourth Appellate District. That court subsequently denied the petition without opinion. We are unable to determine if the denial was based on a lack of jurisdiction.

A petition for rehearing was filed in the Court of Appeals, Fourth Appellate District, which was also denied. A petition was then filed in the California Supreme Court and denied without opinion. Appellant then filed a petition for habeas corpus in the United States District Court, and was denied relief for failure to exhaust his state court remedies.

Appellant relies on Castro v. Klinger, 373 F.2d 847 (9th Cir. 1967). In *Castro* this court held that: once a petition for a writ of habeas corpus in federal court was denied for lack of showing that state remedies had been exhausted, and a petition for habeas corpus was thereafter submitted to the Supreme Court of California and denied without opinion, then a subsequent petition for a writ of habeas corpus in federal court should not be denied for failure to exhaust state remedies.

*Castro* is distinguishable. Appellant here did not seek any additional state court relief prior to bringing this appeal. Further, appellant did not raise the same issues in all of his state court petitions for habeas corpus, and apparently sought relief from a court that was without jurisdiction. Therefore, it is impossible to determine whether the Supreme Court of California denied appellant's petition for procedural defects or on the merits.

We feel that the California courts must be given an opportunity to determine whether or not there is any merit in appellant's contentions, and find no abuse of discretion in the order of the district court.

Affirmed.