**Preston R. GRIFF, Appellant,**

v.

**B. J. RHAY, Superintendent of the Washington State Penitentiary, State of Washington, et al., Appellees.**

**No. 71–1923.**

United States Court of Appeals, Ninth Circuit.

Feb. 8, 1972.

Preston R. Griff, in pro. per.

Slade Gorton, Atty. Gen., Lee D. Rickabaugh, Stephen G. Jamieson, Asst. Attys. Gen., Olympia, Wash., for appellees.

Before MERRILL, ELY and TRASK, Circuit Judges.

PER CURIAM:

Griff was convicted of grand larceny by a Pierce County, Washington, jury. Prior to trial, his counsel moved to suppress testimony of eye-witnesses because it allegedly was based on an unconstitutional photo session, which was held during the investigatory stage of the case. The trial judge denied the motion.

On appeal, the Washington Supreme Court affirmed Griff's conviction, finding that any error in the case was harmless beyond a reasonable doubt, under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). State v. Griff, 75 Wash.2d 267, 450 P.2d 486 (1969). Griff then raised the same issue in the present petition for a writ of

---

habeas corpus. The District Court denied the writ for the same reason, based solely on the reported opinion of the Washington Supreme Court. The trial transcript was not before the District Court.[1]

 Reliance on the reported opinion of the Washington Supreme Court was improper. *See, e. g.,* Tannehill v. Fitzharris, 451 F.2d 1322 (9th Cir. 1971); Sanchez v. Nelson, 446 F.2d 849 (9th Cir. 1971); Valdez v. California, 439 F.2d 1405 (9th Cir. 1971); Maxwell v. Eyman, 429 F.2d 502 (9th Cir. 1970). The District Court must make its determination as to the sufficiency of the state findings (respecting either harmless error or the merits of petitioner's claim) from its independent review of the record made in the state courts or grant hearing and make its own findings on the merits. *See* Selz v. California, 423 F.2d 702 (9th Cir. 1970).

Reversed and remanded for further proceedings.

---

1. The appellees here assert that the records and files in the appeal to the state Supreme Court (including the trial transcript) were "incorporated in the District Court proceedings by reference." There is nothing in the record to suggest, however, that the District Court had such record before it, and such record is not a part of the record here on appeal.