**Byron D. BASKERVILLE, Petitioner-Appellant,**

v.

**Louis S. NELSON, Warden, Respondent-Appellee.**

**No. 26906.**

United States Court of Appeals, Ninth Circuit.

Feb. 23, 1972.

---

Byron D. Baskerville, in pro. per.

Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before MADDEN,* Judge of the United States Court of Claims, and BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

This is an appeal by Baskerville from an order of the United States District Court for the Central District of California denying Baskerville's petition for a writ of habeas corpus.

* Honorable J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation. Judge Madden died on February 17, 1972. Judge

Appellant was charged, upon information, and tried in a California Superior Court, for the California crime of arson. He was represented by counsel, and with the consent of the parties and their counsel, the trial was by the court without a jury. The court found him guilty, and on April 30, 1968, the court suspended sentencing proceedings and placed the appellant on probation, with specified conditions, to which conditions appellant consented. On August 6, 1968, appellant was brought before the court for violation of the conditions of his probation. The court thereupon revoked his probation, and sentenced him to prison for three years, the term prescribed by law.

Appellant appealed to the California District Court of Appeal, which, exercising its discretion, reviewed on the merits not only the revocation of his probation but his trial, including the evidence against him, admitted over constitutional objection. The California District Court of Appeal affirmed his conviction and sentence.

In February 1970, appellant filed a petition to the Supreme Court of California for a writ of habeas corpus to be issued to the Warden of the San Quentin Prison, directing him to show cause why he was holding appellant in prison. That petition was denied, without opinion, on March 11, 1970, by the Supreme Court of California. A petition for a writ of habeas corpus was then filed in the United States District Court for the Central District of California, as stated above. That court on May 28, 1970, denied the petition, and on July 28, 1970, denied appellant's motions for rehearing and for a certificate of probable cause. This Court of Appeals, on December 22, 1970, granted appellant a certificate of probable cause for this instant appeal.

In the instant case, in the United States District Court, the Attorney Gen-

Madden heard oral argument and voted to affirm, but did not approve the opinion of the court.

**432**

eral of California, on behalf of the Warden who was holding the appellant in detention, urged the court to deny the writ of habeas corpus on the ground that the appellant had not exhausted the remedies available to him in the California state courts. The appellant called the court's attention to the fact, which we have recited above, that the appellant had, in February 1970, filed a petition to the Supreme Court of California for a writ of habeas corpus, and that that court had on March 11, 1970, denied that petition, without opinion. The appellant urged, in the United States District Court, that a denial of his petition there, in effect requiring him to go back to the California courts, would be compelling him to go through a futile circumlocution, since the highest state court of California had already denied him relief. The Attorney General of California argued that the denial of relief by the Supreme Court of California may not have been a decision on the merits of the appellant's petition, but a decision based upon some procedural defect, unrelated to the merits. The United States District Court, in denying the appellant's petition said:

"Petitioner has failed to exhaust his state remedies. His effort to rely upon a petition to the Supreme Court of California is futile since it is generally accepted that the Supreme Court of California may deny a petition for a writ of habeas corpus for many technical reasons without passing on the merits. It has been the general practice for the Supreme Court of California to insist on presentation of petitions for writs of habeas corpus to the lower courts prior to seeking relief in the court."

We agree. *See* Turner v. Lloyd, 439 F.2d 138 (9th Cir. 1971).

The order of the district court denying the appellant's petition for a writ of habeas corpus is affirmed.