Fernando M. FLORES, Petitioner-Appellant,

v.

Walter E. CRAVEN, Respondent-Appellee.

No. 25879.

United States Court of Appeals, Ninth Circuit.

July 26, 1972.

---

Fernando M. Flores, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James and Russell Iungerich, Deputy Attys. Gen., Los Angeles, Cal., for respondent-appellee.

Before DUNIWAY and ELY, Circuit Judges, and CROCKER, District Judge.*

PER CURIAM:

Flores appeals from the District Court's denial of his petition for a writ of habeas corpus. We reverse.

In 1966, Flores was convicted of possession of heroin. He appealed his conviction, and it was affirmed by the California Supreme Court. People v. Flores, 68 Cal.2d 563, 440 P.2d 233, 68 Cal.Rptr. 161 (1968), cert. denied, 393 U.S. 1057, 89 S.Ct. 697, 21 L.Ed.2d 698 (1969). Three subsequent petitions to the California Supreme Court for habeas corpus were denied without written opinion.

Flores then filed his petition for habeas relief in the District Court, advancing numerous grounds for relief. The District Court, denying Flores' petition without an evidentiary hearing, wrote:

"The opinion of the Supreme Court of the State of California, in People v. Flores [*supra*], in detailed precision sets forth the proper disposition of the great majority of the matters raised therein.

"The contentions that were not decided on appeal . . ., upon examination by this court of the record involved therein, are [determined to be] frivolous and without merit."

Flores then instituted this appeal. While numerous arguments are advanced by both parties, we need now consider only one. That is, whether the District Court, undertook the required independent review of the record made in the state courts. As to those issues that were decided by the California Supreme Court, we cannot say that it did. There is no indication in the Order previously quoted that the record was scrutinized to determine the validity of all of Flores' claims. Rather, it appears that the District Court relied substantially, if not entirely, upon the reported opinion of the state supreme court. Such reliance is improper. Griff v. Rhay, 455 F.2d 494 (9th Cir. 1972). *See also* Tannehill v. Fitzharris, 451 F.2d 1322 (9th Cir. 1971); Sanchez v. Nelson, 446 F.2d 849 (9th Cir. 1971).[1] We must therefore remand for further proceedings in the District Court.[2]

Reversed and remanded.

---

* Honorable M. D. Crocker, United States District Judge, Fresno, California, sitting by designation.

1. Our conclusion that the District Court did not make the necessary independent review of the state court record is compelled by the fact that the full record was apparently not before it. Foremost among Flores' many claims was the contention that the affidavit supporting the search warrant which led to the discovery of the contraband was constitutionally infirm. We have been unable to find any indication that either a copy of the warrant and the supporting affidavit, or a copy of the transcript of the state proceed-

ing at which the sufficiency of the affidavit was challenged, was before the District Court.

2. We do not consider whether the District Court properly considered those of Flores' arguments that had not been previously considered by the California appellate courts. Since, upon remand, Flores might obtain a favorable decision on issues as to which he has clearly exhausted his state remedies, any decision we might make upon the other issues would only be advisory. If, however, the District Court decides against Flores on the issues as to which there has been state court exhaustion, it should consider whether, in light of our

decisions in Castro v. Klinger, 373 F.2d 847 (9th Cir. 1967) and Turner v. Lloyd, 439 F.2d 138 (9th Cir. 1971), it can decide the questions that have not hitherto been exhaustively reviewed in state court proceedings.