**Raymond ROSS, Appellant,**

v.

**Walter E. CRAVEN, Appellee.**

**No. 72–2814.**

United States Court of Appeals,
Ninth Circuit.

May 4, 1973.

Raymond Ross, in pro. per.

Evelle J. Younger, Atty. Gen., S. Clark Moore, Russel Iungerich, Cynthia Waldman, Deputy Attys. Gen., Los Angeles, Cal., for appellee.

Before HUFSTEDLER, TRASK and CHOY, Circuit Judges.

PER CURIAM:

Ross's federal habeas petition was dismissed on the ground that he failed to exhaust his state remedies. Ross pursued his direct attack through the California appellate system to a denial of hearing by the California Supreme Court. His habeas petition filed in the California Supreme Court was denied on the merits. He had no more state remedies.

The dismissal order appears to have been based on two erroneous assumptions: (1) Ross did not exhaust his state collateral remedies because he filed his habeas petition in the California Supreme Court instead of in a state trial court, and (2) the California Supreme

Court in denying his habeas petition did not reach the merits of his contentions.

■ The California Supreme Court, as well as lower California courts, has original jurisdiction to entertain habeas petitions. (Cal.Const. art. 6, §§ 4, 4b, 5.) If it chooses to retain a habeas petition rather than to refer it to a lower court, its disposition of the petition on the merits ends state habeas attack. Federal court interference with this state procedure and with the exercise of the California Supreme Court's discretion is an impermissible breach of comity.

■ In his habeas petition to the California Supreme Court, Ross · challenged his conviction on four grounds. In substance, the same issues were raised in his federal habeas petition. The California Supreme Court did not deny the petition without explanation, as it did in Castro v. Klinger (9 Cir. 1967) 373 F.2d 847. It cited In re Waltreus (1965) 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001; In re Dixon (1953) 41 Cal.2d 756, 759, 264 P.2d 513; People v. Wilson (1963) 60 Cal.2d 139, 152, 32 Cal.Rptr. 44, 383 P.2d 452, and § 1074 of the California Penal Code. These authorities answer Ross's contentions adversely to his claims, covering specifically denial of a speedy trial, insufficiency of the evidence to support the verdict, juror bias, and permitting collateral attack to serve as a second appeal. The citations were as effective in disposing of the merits as would have been a full dress opinion. The California Supreme Court's disposition of the petition in this manner forecloses any speculation by the federal court that the denial was based on some state procedural irregularity or defect.

■ Federal courts should avoid the temptation to postpone confronting the merits of federal habeas applications by needlessly returning petitioners to the state courts. Overburden on both federal and state systems is thereby increased. We are mindful of the United States Supreme Court's admonition that federal courts must not encourage repetitious applications to state courts in the guise of requiring petitioners to exhaust state remedies. (Wilwording v. Swenson (1971) 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418).

The order is vacated and the cause is remanded to the district court for further proceedings consistent with the views herein expressed.