See also, D.C., 378 F.Supp. 273.

**Herbert Ray TROGLIN, Petitioner,**

v.

**T. L. CLANON, M.D., Respondent.**

**No. C-74-0020.**

United States District Court,
N. D. California.

June 11, 1974.

Thomas A. Salciccia, San Jose, Cal., for petitioner.

Evelle J. Younger, Atty. Gen., Jack R. Winkler, Chief Asst. Atty. Gen., Edward P. O'Brien, Asst. Atty. Gen., Robert R. Granucci, Kenneth C. Young, Deputy Attys. Gen., San Francisco, Cal., for respondent.

## ORDER OF HEARING

RENFREW, District Judge.

Petitioner, in state custody at the California Medical Facility, Vacaville, California, claims in his petition for a writ of habeas corpus that the state judge who sentenced him considered four prior convictions in other states which must now be considered invalid because he was not afforded his right to counsel. *See* United States v. Tucker, 404 U.S. 443, 447, 449, 92 S.Ct. 589, 591, 592, 30 L.Ed.2d 592, 596, 597 (1972). The Court issued an order to show cause on this claim. Respondent has filed a return and petitioner a traverse to that return. The issue before the Court now is whether a date for an evidentiary hearing should be set. See 28 U.S.C. § 2243. Respondent in his return has argued that such a hearing should not be scheduled because (1) petitioner has failed to exhaust state remedies in California, (2) he has failed to exhaust remedies in the states of those prior convictions, and (3) the prior convictions were not considered by the sentencing judge.

I. *Exhaustion of Remedies in California Courts*

In its order to show cause filed February 1, 1974, the Court found that petitioner had sufficiently alleged exhaustion of state remedies. Respondent now claims that in fact petitioner has not exhausted the remedies available in the courts of California. Respondent argues that petitioner in his state petition failed to set forth facts which would substantiate his claims and also that he bypassed the state court of appeal. In respondent's view, therefore, the state courts have not been given a sufficient opportunity to pass on the merits of petitioner's claims. Moreover, respondent contends that an appeal in the state courts was available and that petitioner has failed to explain why he did not raise his present claim before the sentencing court or on appeal.

■ Respondent has raised some substantial points. The Court of Appeals for this Circuit has recognized that under California law a petitioner for a writ of habeas corpus must allege with considerable particularity the facts which he feels support his claims. Conway v. Wilson, 368 F.2d 485, 486–87 (9th Cir. 1966), cert. denied, 386 U.S. 925, 87 S.Ct. 897, 17 L.Ed.2d 798 (1967). Failure by an applicant for a federal writ of habeas corpus to comply with this state law requires dismissal of his application for failure to exhaust state remedies. 368 F.2d at 487.

The Court does not agree with respondent that "petitioner has totally failed to give the state courts a factual basis on which to review his claims." He has submitted court records relating to the challenged convictions. The Colorado records are ambiguous in that they refer to defendant and his counsel, but his counsel is nowhere named. The records of the two Arkansas convictions indicate that petitioner declined appointment of counsel. The Oklahoma record does indicate that petitioner had an attorney. These records do show that petitioner did not have counsel in two of the cases

and may not have had counsel in another. These records tend to corroborate his claims, therefore, although certainly do not prove them.[1]

Petitioner filed his first state petition in the Superior Court of Sacramento County. That court transferred the petition to the sentencing court, the Superior Court of Santa Clara County. In its order, it expressly relied upon In re Haro, 71 Cal.2d 1019, 1021, 80 Cal.Rptr. 588, 591, 458 P.2d 500, 503 (1969). The California Supreme Court said in *Haro* that "once the court of the county of confinement makes a preliminary determination that the prisoner has alleged facts which, if true, would éntitle him to resentencing, that court must transfer the case to the county of sentencing for an evidentiary hearing to determine the truth of the alleged facts." In his petition to the California Supreme Court, petitioner included a copy of a memorandum from a research assistant to the judge ordering the transfer. That memorandum concluded: "The petitioner has made a prima facie showing that he has constitutionally invalid priors and that the trial court judge may have considered these in determining the sentence imposed. He should be entitled to have his petition transferred to the Court in Santa Clara County." The order of transfer and the above memorandum indicate that one state court viewed the factual allegations as sufficient to justify continued proceedings leading to a decision on the merits.

Respondent claims that in his state petitions petitioner did not explain his failure to raise his contention before the trial court or on appeal. But in his petition to the State Supreme Court petitioner answered the question of why his claims had not been presented to any court previously by stating "because of intervening changes in law." It would appear that, as to the claim before this Court, that reference would have to be to United States v. Tucker, *supra,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). But that decision was handed down on January 11, 1972, whereas petitioner was sentenced on August 18, 1972. Hence petitioner supplied the State Supreme Court with an explanation, but it was not a persuasive one.

■ Upon being transferred to the Superior Court for Santa Clara County, petitioner's petition was denied by that court "without further hearing." The judge ordering the denial was not the sentencing judge, however. Petitioner did not seek relief from a court of appeal but instead petitioned directly to the State Supreme Court. Failure to seek relief from the intermediate appellate court can result in denial of a petition by the State Supreme Court which is not an exhaustion of state remedies. *See* Baskerville v. Nelson, 455 F.2d 430, 432 (9th Cir. 1972).

The Supreme Court denied the petition without an opinion or citation of authority. Justice Tobriner, however, was "of the opinion that the respondent should be ordered to show cause why the relief prayed for should not be granted." Official Advance Sheet No. 34, California Official Reports, Minutes, p. 1. Thus, there was clearly a dissent on the merits. The Court of Appeals for this

---

1. Petitioner contends in his traverse that he was not represented by counsel in the Colorado proceeding and that brief correspondence between the prosecutor and an attorney in Oklahoma does not constitute representation. Respondent seems to accept the possibility that there was no representation in Colorado but appears ready to argue that petitioner waived his right to counsel.

Petitioner contends that he was not represented in the Oklahoma proceedings except at arraignment. He maintains that the attorney mentioned in the records was not a criminal lawyer and that he appeared solely to try to arrange bail. Petitioner denies that he waived his right to counsel. Respondent contends that the records submitted indicate that petitioner was represented by counsel except perhaps at the time a plea of guilty was entered. Respondent also hints of a waiver of the right.

Petitioner contends that he did not validly waive his right to counsel in the Arkansas proceedings. Respondent will no doubt dispute this.

Respondent does admit that "[i]n the event this Court concludes that it is necessary to reach the question of whether or not the prior convictions are in fact invalid, an evidentiary hearing would appear necessary."

Circuit has held that the brief citation of authorities by the California Supreme Court which answer a petitioner's substantive claims adversely is a sufficient indication of a decision on the merits and exhaustion of state remedies. Ross v. Craven, 478 F.2d 240, 241 (9th Cir. 1973). The Court of Appeals viewed the result as compelled by comity and by the policy of not encouraging repetitious petitions to state courts under the doctrine of exhaustion.

■ Although Ross does not control this case, it certainly points to an exhaustion of state remedies here. Petitioner's pleadings in the state courts and their results do not provide a model of exhaustion of state remedies. Indeed the record is very ambiguous. But in a case in which the state court's decisions are not clearly based on a failure to plead specific facts or on procedural defects and in which one member of the state's highest court dissents on the merits, it will take more than silence by the Supreme Court's majority to compel a federal court to send a petitioner back to the state courts. Under all the circumstances of this case, this Court holds that petitioner exhausted his remedies in the courts of California. See Castro v. Klinger, 373 F.2d 847, 850 (9th Cir. 1967); Hamilton v. Craven, 350 F.Supp. 1251, 1254 (N.D.Cal. 1971), aff'd per curiam, 469 F.2d 1394 (9th Cir. 1972). Cf. Turner v. Lloyd, 439 F.2d 138, 139 (9th Cir. 1971).

II. *Exhaustion of State Remedies in Courts of States of Challenged Prior Convictions*

Respondent also contends that petitioner must exhaust his remedies in the courts of the states in which he claims he was convicted unconstitutionally. In fact, petitioner has in recent months brought proceedings, in those courts to challenge the prior convictions.

Respondent has not pointed to any case law in support of this theory of exhaustion. The Court's own research has disclosed somewhat of a conflict among the circuits. In cases very similar to this one several decisions have clearly held that this type of exhaustion is not required. Each involved the application of a statute imposing a particular sentence upon a convicted defendant because of his prior convictions when he challenges those convictions as constitutionally invalid. See Craig v. Beto, 458 F.2d 1131, 1134 (5th Cir. 1972); United States v. Martinez, 413 F.2d 61, 63 (7th Cir. 1969); United States v. LaVallee, 330 F.2d 303, 306 (2nd Cir. 1964) (en banc), cert. denied 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048 (1964); United States v. LaVallee, 306 F.2d 417, 419–420 (2nd Cir. 1962) (Friendly, J.). But recently two circuits, in cases raising *Tucker* questions pertaining to persons serving sentences imposed by federal courts, have required the petitioners to exhaust the remedies of the states of the challenged prior convictions. Young v. United States, 485 F.2d 292, 294 (8th Cir. 1973); Brown v. United States, 483 F.2d 116, 118–19 (4th Cir. 1973). The United States Court of Appeals for the Fifth Circuit has taken the opposite position. Mitchell v. United States, 482 F.2d 289, 292–94 (5th Cir. 1973); Lipscomb v. Clark, 468 F.2d 1321, 1323 (5th Cir. 1972). The United States Court of Appeals for this Circuit has apparently not faced this question.[2]

As the discussion in the next section indicates, this question does not require an answer at this time. If the Court faces this issue in the future, the parties must address themselves to the question whether, apart from a formal exhaustion requirement, it would not be wise to await, for a reasonable length of time, the decisions of the state courts. See Garrett v. Swenson, 459 F.2d 464, 466, n. 4 (8th Cir. 1972).

III. *The Influence of the Prior Convictions on the Sentence Imposed*

Respondent urges that upon the record submitted by him the Court can conclude that the four prior convictions

2. *Compare* United States v. Thoreson, 428 F.2d 654, 662–664 (9th Cir. 1970); Ashley v. State of Washington, 394 F.2d 125, 126 (9th Cir. 1968).

played no role in petitioner's sentencing. He points out that no references to the convictions appear in the transcripts of hearings in which petitioner changed his plea and in which he was sentenced. Neither the text of the probation report nor the recommendation of the probation officer mentioned the convictions. But respondent acknowledges that the convictions were listed in petitioner's record attached to the probation report, among many other entries. Respondent concludes: "Under these circumstances these prior convictions cannot be said to have been 'considered' by the court, let alone 'explicitly considered.'" But the only avenue to this conclusion is one of speculation. Respondent has not offered an affidavit of the sentencing judge to the effect that those convictions did not influence his decision on petitioner's sentence. Nor has respondent mentioned the statutory duty of the sentencing court to consider the probation report including a defendant's prior record. Cal. Penal Code § 1203(a).

Therefore, this Court must make a factual determination of the influence, if any, that the challenged prior convictions had on petitioner's sentence. This unavoidably means that the testimony of the sentencing judge must be made available. Recent decisions involving *Tucker* issues raised by federal prisoners have adopted the procedure of having the sentencing judge state whether, assuming that the challenged convictions are invalid, a different sentence would be appropriate. *See* United States v. Sawaya, 486 F.2d 890, 893 (1st Cir. 1973); Brown v. United States, *supra*, 483 F.2d at 118; Lipscomb v. Clark, *supra*, 468 F.2d at 1323. *See also* United States v. Eidum, 474 F.2d 581, 582 (9th Cir. 1973).

This case differs from the above authorities in that a state judge imposed the sentence; considerations of comity thus assume importance. In addition, in federal cases, the sentencing judge would hear the motion initially under 28 U.S.C. § 2255. No similar procedure is available here for bringing the matter before the sentencing judge, although a good opportunity was missed when petitioner's state petition was dismissed by the Superior Court for Santa Clara County. That Court (but not the sentencing judge) denied the motion without elaboration.

This Court, desiring to follow the most economical and speediest procedure in these proceedings without placing heavy burdens on the time of a busy state judge, feels that the best course is to ask the sentencing judge to submit an affidavit in answer to the following question:

> (1) Did petitioner's convictions in Oklahoma, Arkansas, and Colorado influence his decision on the sentence given petitioner?

It may be that the sentencing judge will not recall the particular circumstances and considerations surrounding petitioner's sentence. In that case an answer to the following question would be appropriate:

> (2) If one or more of those convictions were ruled invalid as unconstitutional and if the case came before him again for resentencing, would the sentence given be different?

It would appear that respondent, as a state officer, would be best placed to take the steps necessary to obtain this affidavit.

The parties should inform the Court of any objections to this procedure or to the form of the questions. They may also feel that other questions should be addressed to the sentencing judge. A hearing will be held promptly to consider such objections or suggestions.

It is hereby ordered that evidentiary proceedings will be pursued in this case as indicated in Part III, *supra*.

It is hereby further ordered that a hearing will be held on June 26, 1974, at 9:00 A.M., to consider any objections or suggestions of the parties to the procedure adopted herein and to establish a schedule for future proceedings. The parties should file memoranda expressing their positions on the procedure adopted and the schedule to be followed by June 19, 1974.