Paul HARRIS, Petitioner-Appellant,

v.

SUPERIOR COURT OF the STATE OF CALIFORNIA For the COUNTY OF LOS ANGELES, and Peter Pitchess, Sheriff of Los Angeles County, Co-Respondents,

The STATE OF CALIFORNIA, Real Party in Interest, Appellees.

Fawn HARRIS, Petitioner-Appellant,

v.

SUPERIOR COURT OF the STATE OF CALIFORNIA For the COUNTY OF LOS ANGELES, and Peter Pitchess, Sheriff of Los Angeles, County, Co-Respondents,

The PEOPLE of the State of California, Real Party in Interest, Appellees.

Nos. 72–2849, 72–2852.

United States Court of Appeals, Ninth Circuit.

July 12, 1974.

Rehearing Denied Aug. 30, 1974.

Michael Korn (argued), Sherman Oaks, Cal., for petitioners-appellants.

Michael Buzzell, Deputy Atty. Gen. (argued), Los Angeles, Cal., for real party in interest, appellees.

Before CHAMBERS, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOŸ, GOODWIN, WALLACE and SNEED, Circuit Judges:

### OPINION

DUNIWAY, Circuit Judge:

It is the practice of the Supreme Court of California, when it denies a petition for a writ of habeas corpus, to enter a very brief order, usually, as in these cases, merely stating "Petition for Writ of Habeas Corpus denied." A postal card notice, reciting the denial, is then sent to the petitioner. Such orders are generally referred to as "postcard denials."[1] In many cases a California prisoner, after exhausting his remedies by direct appeal, seeks post conviction relief by filing a petition for a writ of habeas corpus with the Supreme Court of California. If he receives such a postcard denial, he turns to a Federal district court, seeking habeas corpus under 28 U.S.C. § 2254. The California Attorney General then argues that the petitioner has not ". . . exhausted the remedies available in the courts of the State [of California] . . ." as is required by § 2254(b).

On that question the decisions of this court are in disarray. In the following cases, we have held that the petitioner had exhausted his remedies: Wade v. State of California, 9 Cir., 1971, 450 F.2d 726, 728; Barquera v. People of the State of California, 9 Cir., 1967, 374 F.2d 177, 180; Castro v. Klinger, 9 Cir., 1967, 373 F.2d 847, 850. On the other hand, in other cases we have held that the petitioner had not exhausted his remedies on the ground that the California Supreme Court may have based its denial on procedural grounds: Moreno v. Nelson, 9 Cir., 1973, 472 F.2d 570; Baskerville v. Nelson, 9 Cir., 1972, 455 F.2d 430; Turner v. Lloyd, 9 Cir., 1971, 439 F.2d 138; Conway v. Wilson, 9 Cir., 1966, 368 F.2d 485.

Not surprisingly, decisions of the district courts are also in disarray. In Hamilton v. Craven, N.D.Cal., 1971, 350 F.Supp. 1251, 1254, aff'd, 9 Cir., 1972, 469 F.2d 1394, the court held that the petitioner had exhausted his remedies, and our affirmance was "for the reasons stated in the opinion of the district judge." (469 F.2d at 1394) In contrast, several district court opinions hold or say that the petitioner has not exhausted his remedies: Rawlins v. Craven, C.D.Cal., 1971, 329 F.Supp. 40 (dictum); Gingrich v. Oberhauser, C.D.Cal., 1969, 305 F.Supp. 738, 741 (dictum); Rogers v. Nelson, N.D.Cal., 1969, 300 F. Supp. 421, 422; Gardella v. Field, C.D. Cal., 1968, 291 F.Supp. 107, 114–117.

---

1. See The Minutes of the California Supreme Court in The Official Advance Sheets of the California Supreme Court; A Study of Postconviction Procedures in California, Cal. Judicial Council 1971 Annual Report, 22, 31 (1971).

At the suggestion of the panel that heard the appeals at bar, we have taken these cases in banc to settle the question.

The petitions in these cases are virtually identical. Petitioners Paul and Fawn Harris, husband and wife, were convicted on March 19, 1971, in a California Superior Court, of receiving stolen property. Their convictions were affirmed by the California Court of Appeal on May 23, 1972, but no petition for a hearing before the California Supreme Court was filed because, they allege, they were not notified of the appellate court's action by their attorney until the time for petitioning the California Supreme Court had expired. Petitioners next filed petitions for writs of habeas corpus in the California Supreme Court. They received a postcard denial, quoted above. They then petitioned the district court for writs of habeas corpus and that court dismissed the petitions on the ground that petitioners had not exhausted state remedies.[2] They then appealed to this court.

The district court cited our decision in Williams v. Nelson, 9 Cir., 1970, 431 F. 2d 932, concluding that "there has not been an exhaustion of state remedies in that the petitioner[s] . . . failed to request permission for filing a late appeal pursuant to California Court Rules 31a." In his brief, the California Attorney General does not rely upon the rationale of the district court's opinion. The provision in California's Rule 31(a) on which the district judge relied, and on which this court relied in Williams v. Nelson, *supra*, was deleted from the California Rules of Court, effective January 1, 1972. 23 West's Ann.Cal.Codes, Court Rules, 1974 pocket part, p. 31. Moreover, our decision in Williams v.

Nelson, *supra*, insofar as it relates to California Rule 31(a) as it then read, was wrong. The rule did not apply to a petition for a hearing by the Supreme Court after a decision by the Court of Appeal. In Re Wallace, 1970, 3 Cal.3d 289, 293, 90 Cal.Rptr. 176, 475 P.2d 208.

The California Attorney General argues that the petitioners failed to exhaust their state remedies because the California Supreme Court may have denied their habeas corpus petitions on procedural rather than on substantive grounds. He relies upon the fact that California appellate courts may refuse to entertain habeas corpus petitions where no previous application for such relief has been made in the Superior Court. See In Re Hillery, 1962, 202 Cal.App.2d 293, 294, 20 Cal.Rptr. 759. Thus, if the California Supreme Court denied the Harris' petitions because they did not first seek relief in a lower court, the denial would be procedural. As we have seen, some of our decisions have accepted this reasoning, while others have rejected it.

█ If a state court denies a petition for post conviction relief on procedural grounds, the petitioner has not exhausted his state remedies. He can still use the proper procedure, thus giving the state court the first opportunity to rule on the merits of his federal claims. This is what 28 U.S.C. § 2254(b) requires. Wilwording v. Swenson, 1971, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L. Ed.2d 418.

█ This doctrine, however, has its limits. As the Supreme Court has often said, the doctrine which requires the exhaustion of state court remedies before the federal court will entertain habeas corpus petitions is based upon comity

---

2. Each petitioner was granted probation for five years, conditioned upon payment of a fine and as to Paul upon spending fourteen days and as to Fawn seven days in the Los Angeles county jail. When their federal petitions for habeas corpus were filed on October 12, 1972, a stay of execution until October 24, 1972 had been granted by the state

court. Nevertheless, the petitioners were sufficiently "in custody" (28 U.S.C. § 2254(a)) to give the Federal court jurisdiction. *See* Hensley v. Municipal Court, 1973, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294, reversing our decision, reported at 9 Cir., 453 F.2d 1252.

and is not a limitation on the power or jurisdiction of the federal courts.[3]

"Section 2254 does not erect insuperable or successive barriers to the invocation of federal habeas corpus. The exhaustion requirement is merely an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights. Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L. Ed.2d 837 (1963). Petitioners are not required to file 'repetitious applications' .in the state courts. Brown v. Allen, 344 U.S. 443, 449 n.3, 73 S.Ct. 397, 403, 97 L.Ed. 469 (1953). Nor does the mere possibility of success in additional proceedings bar federal relief. Roberts v. LaVallee, 389 U.S. 40, 42–43, 88 S.Ct. 194, 196–197, 19 L.Ed. 2d 41 (1967)." Wilwording v. Swenson, *supra*, 404 U.S. at 250, 92 S.Ct. at 408.

■■ "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied," Picard v. Connor, *supra*, 404 U.S. at 275, 92 S.Ct. at 512. No interest of comity is served by burdening the state and federal courts with repetitious applications for habeas corpus "in the guise of requiring petitioners to exhaust state remedies." Ross v. Craven, 9 Cir., 1973, 478 F.2d 240, 241; Wilwording v. Swenson, *supra*.

In the case of California petitioners, we have had difficulty in determining whether the California Supreme Court's denial of a petition for habeas corpus was on procedural grounds or was on the merits. The use by that Court of the postcard denial has been at the root of the problem. As we have noted before, "[f]rom our standpoint, the failure of the California court to reveal the ba-.sis of its denial, whether substantive or procedural, is unfortunate." Castro v. Klinger, *supra*, 373 F.2d at 850.

■ Much of the problem stems from the fact that the California Supreme Court, along with the courts of appeal and the superior court, has original jurisdiction over habeas corpus petitions, Cal.Const. Art. VI § 10; In Re Hochberg, 1970, 2 Cal.3d 870, 87 Cal.Rptr. 681, 471 P.2d 1, 3. As a result, many California prisoners seeking post conviction relief file their petitions for writs of habeas corpus in the Supreme Court in the first instance.

■ The California Attorney General asserts that the California Supreme Court is likely to deny such a habeas corpus petition on the ground that the petitioner has failed to apply for the writ in the Superior Court or the Court of Appeal. There is no doubt that the California Supreme and appellate courts have the power to dismiss habeas corpus petitions on these grounds. In Re Hillery, *supra*; In re Elias, 1962, 209 Cal. App.2d 262, 25 Cal.Rptr. 739; B. Witkin, California Criminal Procedure § 795 at 767–8 (1963). Moreover, there is little doubt that in the past the practice of the California appellate courts was to decline to entertain habeas corpus petitions when the petitioners had not filed in the lower courts in the first instance. In Re Trainor, 1935, 5 Cal.App.2d 593, 594, 43 P.2d 579; In Re Brune, 1931, 113 Cal.App. 254, 298 P. 80; 24 Cal. Jur.2d Habeas Corpus § 68 at 522–26, § 76 at 541–2.

However, the California Supreme Court has changed its practice in this regard. In 1969, the Court slightly revised the form of its postcard denials. In denying habeas corpus petitions without opinion the Court now frequently cites either a California Supreme Court case or some other authority which indicates to the petitioner the grounds for

---

3. Picard v. Connor, 1971, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438; Fay v. Noia, 1963, 372 U.S. 391, 419, 438, 83 S.Ct. 822, 9 L.Ed.2d 837; Ex Parte Royall, 1886, 117 U.

S. 241, 250–251, 6 S.Ct. 734, 29 L.Ed. 868; R. Sokol, Federal Habeas Corpus, 162 (2d ed. 1969).

the denial. For example, if the petitioner did not "allege with particularity the facts upon which he would have a final judgment overturned," the California Supreme Court will cite In Re Swain, 1949, 34 Cal.2d 300, 209 P.2d 793, in its postcard order. These citations may indicate to the petitioner that his petition has been denied on procedural grounds (such as a citation to *Swain*), or on substantive grounds, *see* Ross v. Craven, *supra*. Since it has begun this method of citation of cases, the California Supreme Court has never cited In Re Hillery, *supra*, the case upon which the Attorney General relies.[4] In fact, the California Supreme Court has *never* cited In Re Hillery nor has it cited any other case in at least ten years which would indicate that the filing of a habeas corpus petition in the lower court is a prerequisite to consideration of a habeas corpus petition in the Supreme Court.

■■ On the contrary, the California Supreme Court has accepted numerous habeas corpus petitions in the last few years despite the failure of the petitioners to file below.[5] Moreover, the Court has stated that it does exercise its original habeas corpus jurisdiction and it has laid out a procedure whereby the appellae courts can refer a habeas corpus petition to the Superior Court by an order to show cause returnable in the Superior Court. In Re Hochberg, *supra*, 471 P.2d at 3–4.[6] There is now no reason to suppose that a postcard denial without opinion is indicative of anything but a decision on the merits of the petition, except where a citation in the order tells us so.

■ For the purposes of the exhaustion doctrine, this practice of the California Court is beneficial. If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation. Daniels v. Nelson, 9 Cir., 1972, 453 F.2d 340, 342; Picard v. Connor, *supra*. Cf. Humphrey v. Cady, 1972, 405 U.S. 504, 516, 92 S.Ct. 1048, 31 L.Ed.2d 394. However, when the California Supreme Court denies a habeas corpus petition without opinion or citation, or when it

---

4. In Erenyi v. Fitzharris, C.D.Cal., 1971, 331 F.Supp. 918, the district court stated that the California Supreme Court had denied a petition for habeas corpus on January 8, 1970, without opinion, but citing In Re Hillery. An independent review of the order issued on January 8, 1970 (Crim.—13791—In Re Erenyi on Habeas Corpus) reveals that the California Supreme Court did not cite In Re Hillery but rather cited In Re Sterling (1965) 63 Cal.2d 486, 47 Cal.Rptr. 205, 407 P.2d 5. In Re Sterling is often cited by the California Supreme Court in denying habeas corpus petitions because it stands for the proposition that habeas corpus relief is not available in California courts for constitutional claims that do not attack the reliability of the fact finding process. See In Re Sterling, 1965, 63 Cal.2d 486, 47 Cal.Rptr. 205, 407 P.2d 5.

5. A petitioner cannot appeal from the denial of his petition for a writ of habeas corpus by the Superior Court or by the Court of Appeal. In Re Crow, 1971, 4 Cal.3d 613, 94 Cal.Rptr. 254, 483 P.2d 1206, 1212 n. 8. His only remedy lies in successive petitions in the higher state courts and the doctrine

of res judicata does not operate to bar these actions. *Id.* Hence, the only posture in which the California Supreme Court rules upon a petition for a writ of habeas corpus is within its original jurisdiction (unless the writ has been issued below and the State exercises its right of appeal, *Id.*). Therefore as a general rule the California Supreme Court will not even mention whether an application for a writ of habeas corpus applied for below. *See, e. g.,* In Re Brown, 1973, 9 Cal.3d 612, 108 Cal.Rptr. 465, 510 P.2d 1017; In Re Underwood, 1973, 9 Cal.3d 345, 107 Cal.Rptr. 401, 508 P.2d 721; In Re Crumpton, 1973, 9 Cal.3d 463, 106 Cal.Rptr. 770, 507 P.2d 74.

6. The preferred forum for the filing of habeas corpus petitions in California is, of course, still the Superior Court as the discussion in *Hochberg* makes clear. *See* In Re Elias, *supra*; In Re Cortez, 1971, 6 Cal. 3d 78, 98 Cal.Rptr. 307, 490 P.2d 819, 825. As to this procedure, see our decisions in Palmer v. Comstock, 9 Cir., 1968, 394 F.2d 395, and Morehead v. State of California, 9 Cir., 1964, 339 F.2d 170.

otherwise decides on the merits of the petition, the exhaustion requirement is satisfied. Brown v. Allen, 1953, 344 U.S. 443, 449 n.3, 73 S.Ct. 397, 97 L.Ed. 469.[7]

Our decisions in Moreno v. Nelson, *supra*, Baskerville v. Nelson, *supra*, Turner v. Lloyd, *supra*, and Conway v. Wilson, *supra*, to the extent that they are inconsistent with this opinion, are overruled.

The orders appealed from are reversed, and the cases are remanded to the district court for further proceedings, consistent with this opinion.

---

7. This assumes that there has been no deliberate bypass of state remedies, Fay v. Noia, *supra*, that the claim presented to the state court was the substantial equivalent of the claim presented to the federal court, Picard v. Connor, *supra*; Rose v. Dickson, 9 Cir., 1964, 327 F.2d 27, and that no other bar to the consideration by the federal court remains.