[Crim. No. 219. Fourth Appellate District.—August 6, 1931.]

In the Matter of the Application of CHARLES C. QUITMAN, on Behalf of LUTHER BRANHAM, for a Writ of Habeas Corpus.

Charles C. Quitman for Petitioner.

Thomas Whelan, District Attorney, B. L. Comparet, Deputy District Attorney, and O. C. Ludwig, City Attorney, for Respondent.

THE COURT.—This application was made in behalf of Luther Branham. The petitioner alleges that he is unlawfully imprisoned and detained by the sheriff of San Diego County. It is further alleged that he was found guilty of violating section 367d of the Penal Code by the police judge of the city of Chula Vista and by him sentenced to pay a fine of $50 or, in lieu thereof, to be confined twenty days in the county jail of San Diego County. The petition then alleges a claimed irregularity in connection with the arrest of the defendant, a lack of jurisdiction in that court to try the case, and that the defendant was deprived of the full opportunity to present his defense. It is also alleged that a prior application to the Superior Court of San Diego County for a writ of *habeas corpus* was denied after a hearing, it being stated that at the time of that application the defendant was not in custody.

The return of the sheriff shows a commitment issued by the judge of the Police Court of the city of Chula Vista, regular upon its face, setting forth that the defendant, having waived a jury trial, was tried by the court; that he was found guilty, and that judgment was pronounced at the time fixed for sentence.

The petition is not sworn to, and no evidence of any kind was produced at the hearing. The commitment justifies the officer in detaining the defendant, in the absence of any showing of facts rendering the same illegal.

A further consideration is that no reason appears why this application should not have been made to the superior court (rule 26, sec. 1). Even if it be assumed, as alleged in the petition, that a prior application in the superior court was denied at a time when the defendant was not in custody, no reason appears why such a writ was not there applied for after he was taken into custody. For these reasons the application must be denied.

The writ is discharged and the defendant is remanded to the custody of the sheriff of San Diego County.