[Crim. No. 40.   Fifth Dist.   Apr. 10, 1962.]

In re BOOKER T. HILLERY on Habeas Corpus.

Hugh W. Goodwin for Petitioner.

No appearance for Respondent.

THE COURT.—In his petition for a writ of habeas corpus, Booker T. Hillery alleges that he is detained and confined by the Sheriff of the County of Kings; that he is not presently charged by complaint, indictment or information with any crime, but that he has been told by deputies in the sheriff's office that he was being held on suspicion of the commission of a crime; that he has not been taken before a magistrate pursuant to the requirements of section 825 of the Penal Code; that he has been prevented from talking with his attorney; that he is on parole for a former crime and that his parole has been suspended or revoked pending investigation of said alleged new crime; that said suspension or revocation is not based on good cause; that his detention is "in fact, merely a façade behind which the said sheriff, Orvie Clyde, is being permitted to operate by the said Adult Authority and/or Department of Corrections, in an effort to avoid the provisions

of section 825 of the Penal Code.'' He further alleges ''that no prior application for writ of habeas corpus has been made by petitioner.''

There is no question but that this court has jurisdiction to issue the writ of habeas corpus (Const., art. VI, § 4a). But this court has discretion to refuse to issue the writ as an exercise of original jurisdiction on the ground that application has not been made therefor in a lower court in the first instance. There is no showing in the petition that any extraordinary reason exists for action by this court, rather than by the Superior Court of the State of California, in and for the County of Kings. ''Generally speaking, habeas corpus proceedings involving a factual situation should be tried in superior court rather than in an appellate court, except where only questions of law are involved.'' (24 Cal.Jur. 2d, Habeas Corpus, § 68, pp. 524-525.)

The petitioner is in the county jail at Hanford, near the courtroom of the Superior Court of Kings County; he is detained by the Sheriff of Kings County, who is amenable directly to the orders of that court with respect to producing him for a hearing. In the circumstances, an application should first be made for a writ of habeas corpus to the Superior Court of the State of California, in and for the County of Kings. (*In re Browning,* 99 Cal.App.2d 337 [221 P.2d 736]; *In re Branham,* 116 Cal.App. 59, 60 [2 P.2d 41]; *In re Brune,* 113 Cal.App. 254 [298 P. 80]; 1 Witkin, California Procedure (1st ed. 1954) Jurisdiction, § 181, p. 447; Fricke, California Criminal Procedure (5th ed. 1959) Habeas Corpus, ch. 41, p. 567.)

The petition for a writ of habeas corpus is denied.