[No. A128153. First Dist., Div. Two. Oct. 5, 2010.]

In re KULDIP S. KLER on Habeas Corpus.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the entire Background part, and part II. of the Discussion part.

### COUNSEL

Law Offices of Chris R. Redburn, Chris R. Redburn; and Kuldip S. Kler, in pro. per., for Petitioner Kuldip S. Kler.

Edmund G. Brown, Jr., Attorney General, Julie L. Garland, Assistant Attorney General, Anya M. Binsacca and Denise A. Yates, Deputy Attorneys General, for Respondent State of California.

### OPINION

**KLINE, P. J.**—In 1989, petitioner Kuldip S. Kler was convicted of second degree murder and sentenced to an indeterminate term of 15 years to life in prison. In May 2009, we granted petitioner's petition for writ of habeas corpus that challenged his June 22, 2007 parole denial. (*In re Kler* (May 19, 2009, A121800) [nonpub. opn.].) In September 2009, the Board of Parole Hearings (Board) held a new hearing and found petitioner suitable for parole, a decision the Governor, in February 2010, reversed, relying exclusively on the facts of the commitment offense and petitioner's purported lack of insight. Petitioner has filed another petition, challenging the Governor's reversal, which we shall grant.

## BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1399.

## DISCUSSION

I. *May—and Should—We Consider This Petition in the First Instance?*

After the Governor's reversal, petitioner filed the instant petition without first seeking relief in the trial court. The Governor argues that rule 8.385(c)(2) of the California Rules of Court[2] prohibits us from entertaining this petition in the first instance. It is true that rule 8.385, which was enacted in response to *In re Roberts* (2005) 36 Cal.4th 575 [31 Cal.Rptr.3d 458, 115 P.3d 1121] (*Roberts*), requires a petition challenging denial of parole to be first filed in the superior court. But the rule is inconsistent with our state Constitution and the *Roberts* decision.

██ The California Rules of Court are adopted by the Judicial Council of California. The Judicial Council, which is charged by the state Constitution with "improv[ing] the administration of justice," is authorized to "adopt rules for court administration, practice and procedure," which shall "not be inconsistent with statute." (Cal. Const., art. VI, § 6, subd. (d).) "The rules have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions." (*In re Richard S.* (1991) 54 Cal.3d 857, 863 [2 Cal.Rptr.2d 2, 819 P.2d 843].)

██ Rule 8.385(c)(2) states that "[a] Court of Appeal *must* deny without prejudice a petition for writ of habeas corpus that challenges the denial of parole or the petitioner's suitability for parole if the issue was not first adjudicated by the trial court that rendered the underlying judgment." (Rule 8.385(c)(2), italics added.) Although the word "must" is not unclear, any possible ambiguity is eradicated by rule 1.5, which explains that " '[m]ust' is mandatory," while " '[s]hould' expresses a preference or a nonbinding recommendation." (Rule 1.5(b)(1) & (5).) Thus, rule 8.385 requires an appellate court to deny without prejudice a petition for writ of habeas corpus challenging a parole decision unless it was first presented to the trial court. The Advisory Committee comment to rule 8.385 explains that "[s]ubdivision (c)(2) is based on the California Supreme Court decision in *In re Roberts*[, *supra*,] 36 Cal.4th 575, which provides that petitions for writ of habeas corpus challenging denial or suitability for parole are first to be adjudicated in the trial court that rendered the underlying judgment." (Advisory Com. com., Deerings Ann. Codes, Rules (2010 supp.) foll. rule 8.385, p. 142.)

---

[2] All future rule references are to the California Rules of Court unless stated otherwise.

This requirement is inconsistent with our state Constitution. As petitioner points out, this court—like *all* courts in California—has original jurisdiction in writ proceedings. Article VI, section 10 of the California Constitution provides that "[t]he Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings." This "original jurisdiction" means that a petition for writ of habeas corpus may be filed in the first instant in the superior court, Court of Appeal, or the California Supreme Court. (*People v. Romero* (1994) 8 Cal.4th 728, 737 [35 Cal.Rptr.2d 270, 883 P.2d 388].)

Having original jurisdiction and exercising it are two separate things. It has long been the law in California that, while a Court of Appeal may have original jurisdiction in a habeas corpus proceeding, it has the discretion to deny a petition without prejudice if it has not been first presented to the trial court. As the Fifth District Court of Appeal observed almost half a century ago: "There is no question but that this court has jurisdiction to issue the writ of habeas corpus. [Citation.] But this court has discretion to refuse to issue the writ as an exercise of original jurisdiction on the ground that application has not been made therefor in a lower court in the first instance." (*In re Hillery* (1962) 202 Cal.App.2d 293, 294 [20 Cal.Rptr. 759].) In that case, the petition, which was filed directly in the Court of Appeal, was denied because the petitioner did not show "that any extraordinary reason exists for action by this court, rather than by the Superior Court of the State of California . . . ." (*Ibid.*)

 *Roberts* does not overturn that long-standing rule. In *Roberts*, the California Supreme Court addressed which trial court should hear a habeas corpus petition challenging denial or suitability for parole: the superior court in the county of conviction or the superior court in the county of incarceration. (*Roberts, supra*, 36 Cal.4th at pp. 579–580.) In one of its closing paragraphs, the *Roberts* court "direct[ed]" that, "among the three levels of state courts, a habeas corpus petition challenging a decision of the parole board *should* be filed in the superior court, which *should* entertain in the first instance the petition." (*Id.* at p. 593, italics added.) And, as *In re Hillery* instructs, in most instances, a habeas corpus petition "should" be filed in the superior court. (*In re Hillery, supra*, 202 Cal.App.2d at p. 294.) But the language in *Roberts* does not divest the Courts of Appeal of original jurisdiction in petitions for writ of habeas corpus, as granted by article VI, section 10 of the California Constitution. Nor does it dictate that in all cases such habeas corpus petitions *must* be filed in the superior court—only that

challenges to parole "should" first be filed in the superior court (*Roberts, supra,* 36 Cal.4th at p. 593) unless "extraordinary reason exists for action by" the appellate court in the first instance (*In re Hillery,* at p. 294). Thus, we conclude that rule 8.385 is inconsistent with the California Constitution to the extent it requires petitions for writ of habeas corpus challenging denial of parole to be first filed in the superior court; additionally, the rule goes beyond the dictates in *Roberts,* which states that such petitions "should" first be heard at the trial level. (*Roberts,* at p. 593.)

This case presents an "extraordinary" situation justifying the exercise of our constitutional prerogative. Most habeas corpus petitions challenging denial or suitability for parole do not follow a reversal by the Court of Appeal. This case does, of course. Indeed, here, the issues presented directly flow from our prior decision and the limited hearing conducted after our decision. As such, no court is better suited to first consider this petition; no court is more familiar with the intricate details of the case. Thus, we find this to be one of the rare cases where the directive that "a habeas corpus petition challenging a decision of the parole board should be filed in the superior court . . ." (*Roberts, supra,* 36 Cal.4th at p. 593) does not apply.[3]

II. *The Governor's Reversal Was Not Supported By "Some Evidence" That Petitioner Remains An Unreasonable Risk For Violence If Released*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The petition for writ of habeas corpus is granted. The Governor is hereby ordered to vacate his decision of February 9, 2010, which reversed the Board's 2009 grant of parole. The Board's 2009 grant of parole is reinstated.

---

[3] This finding is not unprecedented. We have previously allowed a petition for habeas corpus to be directly filed in our court in *In re Scott* (2005) 133 Cal.App.4th 573 [34 Cal.Rptr.3d 905] (*Scott II*), which presented itself in the same posture as this case: we reversed the Board in *In re Scott* (2004) 119 Cal.App.4th 871 [15 Cal.Rptr.3d 32] (*Scott I*); the Board subsequently granted parole upon remand. When the Governor reversed the Board's grant, petitioner Scott filed his petition directly in this court and we considered the case. (*Scott II,* at p. 578.) In another case presenting unusual circumstances, the court in *In re Gaul* (2009) 170 Cal.App.4th 20 [87 Cal.Rptr.3d 736], entertained in the first instance a habeas corpus petition challenging the parole denial where that court was concurrently entertaining petitioner's habeas corpus from a prior hearing. (*Id.* at p. 31.)

[*]See footnote, *ante,* page 1399.

In the interests of justice, this opinion is made final as to this court seven days from the date of filing. (Rule 8.387(b)(3)(A).)

Lambden, J., and Richman, J., concurred.