**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY FRED HAMILTON, | No. 09-17600 |
| Petitioner - Appellant, | D.C. No. 2:09-CV-01411-MCE-CMK |
| v. | |
| MAURICE JUNIOUS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted June 12, 2012[**]
San Francisco, California

Before: D.W. NELSON, RAWLINSON, and IKUTA, Circuit Judges.

Petitioner Jerry Fred Hamilton appeals the summary dismissal of his habeas

petition as untimely and the denial of his motion for stay and abeyance as moot.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hamilton's petition is untimely. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) governs this petition. *Woodford v. Garceau*, 538 U.S. 202, 210 (2003). AEDPA's one-year statute of limitations expired on April 21, 2009. 28 U.S.C. § 2244(d)(1)(A). Hamilton did not file his petition until May 19, 2009.

Statutory tolling does not apply. The superior court denied Hamilton's March 9, 2009, petition as untimely and on the merits. An untimely petition is not properly filed and, therefore, cannot toll AEDPA's limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The California Court of Appeal's summary dismissal of the petition with citations to *In re Steele*, 32 Cal. 4th 682, 692 (2004) and *In re Hillery*, 202 Cal. App. 2d. 293 (1962), did not undo the superior court's determination that Hamilton's petition was untimely. Nor do *Ylst v. Nunnemaker*, 501 U.S. 797 (1991), *Campbell v. Henry*, 614 F.3d 1056 (9th Cir. 2010), or *Trigueros v. Adams*, 658 F.3d 983 (9th Cir. 2011) apply to save the petition from the timeliness bar.

Because the petition is untimely, the district court did not err in denying Hamilton's motion for stay and abeyance as moot.

Finally, we construe Hamilton's briefing on the uncertified issue that we should deem the claim exhausted and remand for consideration on the merits as a motion to expand the certificate of appealability. *Schardt v. Payne*, 414 F.3d 1025,

2

1032 (9th Cir. 2005) (discussing 9th Cir. R. 22-1(e)).  Hamilton has failed to make

"a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  Nor has he "'demonstrate[d] that the issues are debatable among

jurists of reason; that a court could resolve the issues [in a different manner]; or

that the questions are adequate to deserve encouragement to proceed further.'"

*Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (quoting *Barefoot v. Estelle*,

463 U.S. 880, 893 n.4 (1983)).  Accordingly, we dismiss Hamilton's uncertified

issue for lack of jurisdiction.  *Id.* at 569.

**AFFIRMED.**