Filed 7/11/13  Simon v. Stang CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| STEVEN SIMON et al., | H038036 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. CV159829) |
| v. | |
| ERIC STANG et al., | |
| Defendants and Respondents. | |

## I.  INTRODUCTION

In 2009, appellants Steven Simon, Michael Kallok, and Alexey Terskikh filed a putative class action on behalf of themselves and the other common shareholders of respondent Reliant Technologies, Inc. (RTI).  They alleged that the defendants, including RTI and certain of the company's officers and directors (respondents Eric Stang, president; Len DeBenedictis, chief technology officer; and Hank Gauthier, director), had unlawfully entered into a merger agreement with Thermage, Inc. (Thermage) that was not in the best interest of RTI's common shareholders.

In 2010, defendants brought a motion to dismiss or stay the action on the ground of forum non conveniens, arguing that the mandatory forum selection clause in the merger agreement required litigation of plaintiffs' claims in Delaware.  The trial court granted the motion to stay the action in its order of September 28, 2010, its amended stay

order of November 3, 2010, and its extended stay order of September 19, 2011. Plaintiffs did not appeal any of the stay orders.

In May 2011, the trial court issued an order to show cause why the action should not be dismissed due to plaintiffs' failure to take any action to litigate their claims in Delaware. On January 20, 2012, the trial court entered its order dismissing the action without prejudice.

On appeal from the order of dismissal, plaintiffs argue that the trial court erred in dismissing the action on the basis of an unenforceable forum selection clause. They also contend that the court erred in failing to grant them leave to conduct jurisdictional discovery. As we will further explain, since the orders staying the action on the ground of forum non conveniens were appealable (Code Civ. Proc., § 904.1, subd. (a)(3)),[1] and plaintiffs failed to appeal, we may not review the merits of those orders or address the request for jurisdictional discovery. Our review is therefore limited to the January 20, 2012 order dismissing the action without prejudice on the ground of delay in prosecution in Delaware. Having determined that the trial court did not abuse its discretion in dismissing the action, we will affirm the order of dismissal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Complaint*

The original class action complaint was filed on December 21, 2009, and the first amended complaint was filed on July 19, 2010. In the first amended complaint, plaintiffs asserted that plaintiffs Simon and Kallok were residents of Minnesota and plaintiff Terskikh was a resident of California. Defendant RTI was a Delaware corporation with its principal place of business in Mountain View, California.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

On behalf of themselves and the other common shareholders of RTI, plaintiffs alleged that defendants had entered into a merger agreement with Thermage that was not in the best interest of the common shareholders and was unlawful for several reasons: (1) defendants breached their fiduciary duty by, among other things, engaging in self-dealing; (2) the merger violated Delaware's fairness standard because the merger price was below RTI's worth; (3) defendants conspired within the meaning of Delaware law; and (4) defendants violated Corporations Code section 2115 by depriving the common shareholders of their voting rights.

**B.** *The Motion to Dismiss or Stay*

On August 2, 2010, defendants filed a motion to dismiss or stay the action pursuant to sections 418.10[2] and 410.30.[3] They contended that the merger agreement between RTI and Thermage included a mandatory forum selection clause[4] that required plaintiffs to litigate their claims arising from the merger agreement in Delaware.

---

[2] Section 418.10, subdivision (a)(2) provides: "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: [¶] . . . [¶] To stay or dismiss the action on the ground of inconvenient forum."

[3] Section 410.30, subdivision (a) provides: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

[4] The forum selection clause included in the merger agreement states: "Consent to Jurisdiction. Each of the parties hereto irrevocably consents to the exclusive jurisdiction and venue of any state court located within New Castle County, State of Delaware in connection with any matter based upon or arising out of this Agreement or the transactions contemplated hereby, agrees that process may be served upon them in any manner authorized by the laws of the State of Delaware for such persons and waives and covenants not to assert or plead any objection which they might otherwise have to such jurisdiction, venue and process. Each party hereto hereby agrees not to commence any legal proceedings relating to or arising out of this Agreement or the transactions contemplated hereby in any jurisdiction or courts other than as provided herein."

Defendants further contended plaintiffs were bound by the forum selection clause since they had either expressly consented to the merger agreement or were third party beneficiaries of the agreement.

In opposition to the motion to dismiss or stay the action, plaintiffs argued that the forum selection clause in the merger agreement was unenforceable because it was substantively and procedurally unconscionable. They asserted that a majority of the putative class of common shareholders had not consented to the forum selection clause, which they alleged was a contract of adhesion that allowed defendants to improperly insulate themselves from liability under California law in violation of public policy. Plaintiffs also claimed that litigation in Delaware would be unduly oppressive to them because most of the discovery had to be conducted in California where the defendants and witnesses resided. Plaintiffs also requested in their memorandum of points and authorities that they be allowed to conduct discovery relating to jurisdictional issues.

### C. *The Stay Orders*

On September 28, 2010, the trial court issued its order granting the motion to dismiss or stay the action and staying the action. The record reflects that plaintiffs sent a letter to the trial court dated October 27, 2010, requesting clarification of the order. The court then issued an amended order on November 3, 2010, that states: "Defendants' motion for a stay is GRANTED. This action is stayed until further Order of the Court." Plaintiffs did not appeal either of the stay orders.

### D. *Order to Show Cause*

On May 3, 2011, the trial court issued a "Notice of Hearing on OSC Re: Dismissal." The order directed the parties and their attorneys to "Show Cause why the . . . case should not be dismissed for failure of Plaintiff to take affirmative action to pursue the claims in Delaware." The order also provided the parties with the opportunity to file responses to the order to show cause.

4

Plaintiffs filed points and authorities in opposition to dismissal, arguing that the action should not be dismissed for failure to take action in Delaware because the forum selection clause was unenforceable. Regarding their failure to appeal the prior stay orders, plaintiffs stated: "With no disrespect intended, Judge Huber's sixteen word Order staying this matter left Plaintiffs guessing as to his rationale. Furthermore, his indication that a 'further order' would be forthcoming left Plaintiffs without an ability to appeal. Did Judge Huber rely on Defendants' submissions containing materials outside the Complaint? Did Judge Huber adopt the third party beneficiary argument put forward by Defendants? Did Judge Huber determine that the forum selection clause was not unconscionable? Since his Order did not mention requiring Plaintiffs to bring the matter in Delaware, was Judge Huber merely intending to impose a stay of discovery until, as he stated, there was 'further order from the Court'?"

Defendants requested in their response that the action be dismissed with prejudice because plaintiffs had not appealed the September 2010 stay order and therefore they could not relitigate the forum selection clause issue. Defendants also pointed out that despite the trial court's prior orders, plaintiffs had taken no affirmative action to proceed in Delaware.

On September 19, 2011, the trial court issued its order extending the stay. The order states in part: "Plaintiffs' position is without merit. Judge Huber was not required to provide a rationale for his order. The 'until further Order' language in Judge Huber's November 3, 2010 order means that the action will be stayed until a further order (if any) **lifts the stay**. It was not a signal that a more detailed rationale was forthcoming such that Plaintiffs could simply do nothing until it arrived. The court's position was clear; in granting the stay, it necessarily rejected Plaintiffs' arguments—the same arguments raised again in response to the OSC. . . . It is self-evident the stay meant that Plaintiffs were without a forum here and could only pursue the subject matter of this action in Delaware." However, since less than two years had elapsed since plaintiffs filed the

5

original complaint, the trial court determined that it did not have statutory authority to dismiss the action. The court therefore kept the stay in place and continued the hearing on the order to show cause to December 2011.

Plaintiffs did not appeal the September 19, 2011 order extending the stay. Instead, on October 14, 2011, plaintiffs filed a petition for writ of mandate in this court in which they requested that the stay be lifted. This court summarily denied the writ petition on December 29, 2011.

Plaintiffs also filed a second memorandum of points and authorities in opposition to dismissal. They argued that the trial court did not have discretion to dismiss the action for failure to prosecute because they had diligently prosecuted the action in the proper California forum and none of the "statutory events" triggering dismissal for delay in prosecution, such as lack of service for two years or failure to bring the case to trial in three years, had occurred.

### E. *Order Dismissing the Action*

After considering the parties' submissions and hearing oral argument, the trial court in its order of January 20, 2012, dismissed the action without prejudice. Plaintiffs filed a timely notice of appeal from that order.

## III. DISCUSSION

On appeal, plaintiffs reiterate their arguments below that the forum selection clause in the merger agreement is unenforceable. They also argue that the trial court abused its discretion in dismissing the action for delay in prosecution in Delaware. We will begin by determining the threshold issue of whether we have jurisdiction to consider plaintiffs' contentions regarding the enforceability of the forum selection clause.

### A. *The Forum Selection Clause*

"The doctrine of *forum non conveniens*, established in California by judicial decision [citations], is codified in . . . section 410.30." (*Archibald v. Cinerama Hotels* (1976) 15 Cal.3d 853, 857 (*Archibald*).) Section 410.30, subdivision (a) provides:

6

"When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

"[T]he procedure for enforcing a forum selection clause is a motion to stay or dismiss for forum non conveniens pursuant to . . . sections 410.30 and 418.10 [citation]." (*Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358 (*Berg*).) The initial issue for the trial court in ruling on the motion is whether the forum selection clause is mandatory or permissive. (*Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 471 (*Animal Film*).) "A mandatory clause ordinarily is 'given effect without any analysis of convenience; the only question is whether enforcement of the clause would be unreasonable.' [Citation.] But, if 'the clause merely provides for submission to jurisdiction and does not expressly mandate litigation exclusively in a particular forum, then the traditional forum non conveniens analysis applies. [Citation.]' [Citations.]" (*Ibid.*)

The California Supreme Court has distinguished a dismissal on the ground of forum non conveniens from a stay of the action on that ground: " 'The staying court *retains jurisdiction* over the parties and the cause; . . . it can compel the foreign [party] to cooperate in bringing about a fair and speedy hearing in the foreign forum; it can resume proceedings if the foreign action is unreasonably delayed or fails to reach a resolution on the merits. . . . In short, the staying court can protect . . . the interest of the California resident pending the final decision of the foreign court.' [Citations.] A court which has dismissed a suit on grounds of *forum non conveniens*, on the other hand, has lost jurisdiction over the action and in relinquishing that jurisdiction deprived itself of the power to protect the interests of the California resident." (*Archibald*, *supra*, 15 Cal.3d at pp. 857-858.)

In ruling on a motion to stay or dismiss on forum non conveniens grounds, the trial court is not required to expressly state its reasoning in its order. (*Hahn v. Diaz-Barba*

(2011) 194 Cal.App.4th 1177, 1187-1188.) An order granting a motion to stay an action on forum non conveniens grounds is an appealable order. (§ 904.1, subd. (a)(3)[5]; *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1293, fn. 6 (*Olinick*) [affirming order staying California action on ground that mandatory forum selection clause required trial in New York]; accord, *Berg*, *supra*, 61 Cal.App.4th at p. 355, fn. 1.)

In the present case, defendants sought to enforce the forum selection clause in the merger agreement between RTI and Thermage by filing a motion to dismiss or stay the action on the ground of forum non conveniens. The trial court granted the motion to stay the action and issued three orders staying the action on the ground of forum non conveniens: (1) the September 28, 2010 order granting the motion to dismiss or stay the action and staying the action; (2) the November 3, 2010 amended order granting the motion for a stay and staying the action until further order of the court; and (3) the September 19, 2011 order extending the stay order. All three orders were appealable as an order granting a motion to stay on forum non conveniens grounds. (§ 904.1, subd. (a)(3); *Olinick*, *supra*, 138 Cal.App.4th at p. 1293, fn. 6.) We are not convinced by plaintiffs' assertion that it was unclear that the basis for the stay orders was forum non conveniens. It was obvious that in granting the stay motion the court had necessarily found the forum selection clause in the merger agreement to be enforceable and had stayed the action to enable plaintiffs to file suit in Delaware. (See, e.g., *Olinick*, *supra*, 138 Cal.App.4th at p. 1293 [stay order enabling plaintiff to file suit in New York];

---

[5] Section 904.1, subdivision (a)(3) provides: "An appeal, other than in a limited civil case, is to the court of appeal. An appeal, other than in a limited civil case, may be taken from any of the following: [¶] . . . [¶] From an order . . . granting a motion to stay the action on the ground of inconvenient forum, or from a written order of dismissal under Section 581d following an order granting a motion to dismiss the action on the ground of inconvenient forum."

*Animal Film*, *supra*, 193 Cal.App.4th at p. 470 [stay order giving plaintiff time to file case in Texas].)

Since plaintiffs failed to appeal any of the three orders staying the action on the ground of forum non conveniens, we lack jurisdiction to consider plaintiffs' contentions regarding the enforceability of the forum selection clause and the propriety of the Delaware forum. Under section 906, it is well established that where, as here, the " 'order is appealable, an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review.' [Citations.]" (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46 (*Krug*); accord, *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 762, fn.8 ["California follows a 'one shot' rule under which, if an order is appealable, appeal must be taken or the right to appellate review is forfeited."].) Thus, where no appeal is taken from an appealable order, "the appellate court has no jurisdiction to review it." (*Krug*, *supra*, at p. 46.)

Our review in the instant appeal is therefore limited to the merits of the trial court's January 20, 2012 order dismissing the action without prejudice on the ground of delay of prosecution in Delaware. For that reason, we need not reach plaintiffs' request for jurisdictional discovery.

### B. *The Order Dismissing the Action*

Section 583.410, subdivision (a) provides that "[t]he court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances."

"In other words, while California's policy *favors* trial on the merits, there comes a time when that policy is overridden by California's policy requiring dismissal for failure to prosecute with reasonable diligence. As this is true for *any* action prosecuted in California courts, it must be true for an action initially filed in [a] California court but stayed on forum non conveniens grounds. In short, California's interest in assuring an

9

adequate forum for a California plaintiff is not absolute, and can be overcome when the plaintiff is unreasonably dilatory in prosecuting the action in the convenient forum.  If, by a California plaintiff's lack of reasonable diligence in prosecuting its action, California has lost its interest in providing an adequate forum, an action originally stayed on forum non conveniens grounds may therefore be dismissed."  (*Van Keulen v. Cathay Pacific Airways, Ltd.* (2008) 162 Cal.App.4th 122, 130 (*Van Keulen*).)

The trial court's authority to dismiss an action for delay in prosecution is governed by various provisions of the Code of Civil Procedure and the California Rules of Court. Section 583.410, subdivision (b) requires that "[d]ismissal shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council."  Section 583.420,[6] subdivision (a)(2)(B) provides: "The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred:  [¶] . . . [¶]  Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribes for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice."  California Rules of Court, rule 3.1340[7] provides:  "The court on its own motion or on motion of the defendant may dismiss an action under . . . sections 583.410-583.430 for delay in

---

[6] Section 583.420, subdivisions (a)(1), (2) provide:  "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred:  [¶]  (1) Service is not made within two years after the action is commenced against the defendant.  [¶]  (2) The action is not brought to trial within the following times:  [¶]  (A) Three years after the action is commenced against the defendant unless otherwise prescribed by rule under subparagraph (B).  [¶] (B) Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribes for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice."

[7] All further references to rules are to the California Rules of Court.

prosecution if the action has not been brought to trial or conditionally settled within two years after the action was commenced against the defendant." Thus, "a minimum delay of two years is required before a trial court can exercise its discretionary dismissal powers. [Citations.]" (*Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915.)

We review the trial court's order dismissing an action for delay in prosecution for abuse of discretion. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 698.) "Such abuse of discretion is generally considered to be demonstrated when the trial court has exceed the bounds of reason. [Citation.] We must presume the trial court's order was correct, and it is the plaintiff's burden to overcome that presumption and establish a clear abuse of discretion. [Citations.]" (*Ibid.*)

In *Van Keulen*, the plaintiff airline pilots brought wrongful termination actions against their employer, Cathay Pacific Airways, Ltd. (Cathay), in both California and Hong Kong. (*Van Keulen*, *supra*, 162 Cal.App.4th at pp. 125-126.) Cathay moved to dismiss or stay the California action on the ground of forum non conveniens. (*Id.* at p. 126.) The California trial court dismissed the action with respect to the non-California plaintiffs and stayed the action with respect to the plaintiffs who were California residents. (*Id.* at p. 126.) After the stay order was affirmed on appeal, Cathay moved to dismiss the California action on the grounds that, among other things, the California plaintiffs had not been diligent in pursuing their action in Hong Kong. (*Id.* at pp. 127-128.)

The appellate court in *Van Keulen* determined that the trial court had the discretionary authority to dismiss the California action due to the plaintiffs' failure to diligently prosecute their action in Hong Kong, finding that the factors set forth in rule 3.1342(e)[8] (availability of the other party for service, diligence in seeking to effect

---

[8] Rule 3.1342(e) provides: "In ruling on the motion, the court must consider all matters relevant to a proper determination of the motion, including: [¶] (1) The court's (continued)

11

service, the extent of settlement negotiations, diligence in pursuing discovery, the nature and complexity of the case, whether another action was pending, the extensions of time or delay attributable to the other party, the condition of the court's calendar in the other forum, whether the interests of justice are served by dismissal or trial, and any other relevant fact or circumstance), weighed in favor of dismissal. (*Id*. at pp. 132-133.) In so ruling, the appellate court noted that the three years of delay in litigating their claims in Hong Kong was wholly attributable to the plaintiffs. (*Id*. at p. 133.)

We reach a similar result in the present case. It is undisputed that the instant action was commenced in December 2009; the action was first stayed on the ground of forum non conveniens in September 2010; plaintiffs did not appeal that stay order or any other stay order; and the trial court dismissed the action for delay in prosecution in Delaware in January 2012. It is also undisputed that plaintiffs have never filed an action in Delaware or taken any other steps to litigate their claims against defendants in Delaware. Since the trial court did not dismiss plaintiffs' California action until more than two years had passed after commencement of the action and after the action was

---

file in the case and the declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; [¶] (2) The diligence in seeking to effect service of process; [¶] (3) The extent to which the parties engaged in any settlement negotiations or discussions; [¶] (4) The diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; [¶] (5) The nature and complexity of the case; [¶] (6) The law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; [¶] (7) The nature of any extensions of time or other delay attributable to either party; [¶] (8) The condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; [¶] (9) Whether the interests of justice are best served by dismissal or trial of the case; and [¶] (10) Any other fact or circumstance relevant to a fair determination of the issue. [¶] The court must be guided by the policies set forth in Code of Civil Procedure section 583.130."

12

stayed, we determine that the trial court did not abuse its discretion in dismissing the action for plaintiffs' failure to prosecute their action in Delaware.

Plaintiffs contend that the trial court's discretion to dismiss their action was limited to dismissal under the criteria set forth in sections 583.410 and 583.420, and since none of those criteria apply, the trial court abused its discretion in dismissing their action. We disagree.

As we have discussed, rule 3.1340 provides: "The court on its own motion or on motion of the defendant may dismiss an action under . . . sections 583.410-583.430 for delay in prosecution if the action has not been brought to trial or conditionally settled within two years after the action was commenced against the defendant." Rule 3.1340 has the force of a statute for the following reasons: "The California Rules of Court are adopted by the Judicial Council of California. The Judicial Council, which is charged by the state Constitution with 'improv[ing] the administration of justice,' is authorized to 'adopt rules for court administration, practice and procedure,' which shall 'not be inconsistent with statute.' (Cal. Const., art. VI, § 6, subd. (d).) 'The rules have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions.' [Citation.]" (*In re Kler* (2010) 188 Cal.App.4th 1399, 1402, quoting *In re Richard S.* (1991) 54 Cal.3d 857, 863.)

Rule 3.1340 is consistent with sections 583.410 and 583.420 since both statutes provide that the Judicial Council may adopt rules governing discretionary dismissal. In particular, we emphasize that section 583.420, subdivision (a)(2)(B) provides for discretionary dismissal after a two-year delay in prosecution: "The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: [¶] . . . [¶] Two years after the action is commenced against the defendant if the Judicial Council by rule adopted pursuant to Section 583.410 so prescribes for the court because of the condition of the court calendar or for other reasons affecting the conduct of litigation or the administration of justice."

13

Thus, we conclude that the trial court had the discretion under sections 583.410 and 583.420 and rule 3.1340 to dismiss plaintiff's California action for their complete failure to prosecute their action in Delaware for more than two years after the California action was commenced and then stayed on the ground of forum non conveniens. (See *Van Keulen*, *supra*, 162 Cal.App.4th at p. 130.) We will therefore affirm the January 20, 2012 order of dismissal.

## IV. DISPOSITION

The January 20, 2012 order dismissing the action without prejudice is affirmed. Costs on appeal are awarded to respondents.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MÁRQUEZ, J.