Filed 3/18/24  Price v. Superior Court CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RONALD PRICE,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | A168445<br><br>(San Mateo County<br>Super. Ct. Nos.<br>HC2370, SC021392A) |

THE COURT:[*]

Petitioner seeks a writ of mandate to compel respondent superior court to rule on habeas corpus claims that were embraced by respondent's orders to show cause (OSC's) but not adjudicated by an order filed in conformity with California Rules of Court, rule 4.551(g).[1]  We conclude petitioner is entitled to the requested relief.[2]

---

[*] Before Jackson, P. J.; Simons, J.; and Burns, J.

[1] All further rule references are to the California Rules of Court.

[2] We grant the petition by way of this memorandum opinion because "[t]he Courts of Appeal should dispose of causes that raise no substantial

1

Rule 4.551(g), governing superior court habeas corpus proceedings, provides that "[a]ny order denying a petition for writ of habeas corpus must contain a brief statement of the reasons for the denial. An order only declaring the petition to be 'denied' is insufficient." As the court typically most familiar with the underlying criminal proceeding, the superior court's statement of reasons for denying relief is often invaluable to an appellate court entertaining a subsequent original habeas corpus petition. Additionally, an explanatory order identifying the claims presented in the superior court and the reasons for their denial permits a higher court to ensure that a petitioner has meaningfully exhausted their habeas corpus remedy in the superior court as to all asserted claims. (See *In re Hillery* (1962) 202 Cal.App.2d 293, 294.) Furthermore, when an evidentiary hearing has occurred, even though we independently review the record, the superior court's factual findings may be entitled to deference under certain circumstances. (*In re Resendiz* (2001) 25 Cal.4th 230, 249, abrogated on other grounds by *Padilla v. Kentucky* (2010) 559 U.S. 356, 370–371 [176 L.Ed.2d 284].)

In response to petitioner's two habeas corpus petitions filed in pro. per., and a supplemental petition filed by petitioner's later appointed counsel, respondent issued OSC's on all the petitions and the claims therein (approximately 23 claims).[3] Following the filing of returns and traverses, an evidentiary hearing was held before Judge Leland Davis III.

---

issues of law or fact by memorandum or other abbreviated form of opinion." (Cal. Stds. Jud. Admin., § 8.1.)

[3] The OSC's indicate respondent determined petitioner stated a prima facie case for relief; in other words, after assuming the truth of petitioner's factual allegations, the court *preliminarily* concluded petitioner

2

On November 3, 2021, Judge Davis issued an order broadly denying "[t]he Petition for Writ of Habeas Corpus," but only providing reasons for denying a few of the almost two dozen claims asserted in the various petitions. But, as petitioner observes, that order does not identify those claims by number, making it difficult to determine with any precision *which* of the claims were denied based on the court's expressed reasoning.

On March 2, 2023, in response to petitioner's attempt to obtain a ruling on what he described as unadjudicated claims, a different judicial officer (Judge Michael K. Wendler) first determined that Judge Davis's denial order had addressed the arguments made in petitioner's counsel's October 26, 2020 postevidentiary hearing memorandum. As for other claims, Judge Wendler's order stated: "Although the order denying the Petition did not explicitly identify the claims previously raised that were not pursued by Petitioner after the close of evidence, Petitioner's Memorandum . . . makes clear that Petitioner was no longer pursuing these claims that Petitioner now contends were not adjudicated. The trial court properly deemed these claims abandoned, and consequently, there are no valid claims that were not adjudicated by the trial court in the habeas proceeding." The March 2, 2023 order is problematic, for a variety of reasons we shall explain.

As petitioner aptly observes, nothing in Judge Davis's November 3, 2021 order reflects a determination that he, as the judge presiding over the OSC proceedings and evidentiary hearing, "deemed" petitioner's unadjudicated claims abandoned.[4] Moreover, the parties to this mandate

---

would be entitled to relief if he proved his factual allegations. (*People v. Duvall* (1995) 9 Cal.4th 464, 474–475 (*Duvall*); rule 4.551(c)(1).)

[4] We have not located any information in the record explaining why petitioner's request for a ruling was not resolved by Judge Davis. Nor can we

3

proceeding have not drawn our attention to anything in the record—including the October 26, 2020 memorandum referenced in Judge Wendler's March 2, 2023 order—reflecting petitioner's express abandonment or withdrawal of the remaining claims.

The conclusion that petitioner abandoned all claims not referenced in the November 3, 2021 order is incorrect to the extent the record reveals petitioner litigated (albeit unsuccessfully) during the evidentiary hearing the admissibility of inculpatory statements made by petitioner's deceased brother (Raymond Price). Plainly, petitioner's unadjudicated claims relying on that evidence were not abandoned. Yet the November 3, 2021 order denying relief did not reference the denial of petitioner's motion to admit those statements; nor did it identify and discuss petitioner's habeas corpus claims dependent on those statements.

Additionally, the record reflects discussions between counsel and the court on how to handle habeas corpus claims not litigated or addressed at the evidentiary hearing. Petitioner's counsel pressed for an order on those claims and/or never suggested such claims could be ignored in lieu of a dispositional order under rule 4.551(g).

Petitioner's first attorney during the proceedings below (John Halley) acknowledged there were claims as to which evidence had not been presented, and stated that "the court will need to make an order on all of the claims. They need to be disposed of." Judge Davis stated he would seek guidance from counsel on those issues "because I don't want to leave anything undone . . . ." Attorney Halley promised to confer with petitioner and provide a status of each individual claim.

---

discern a basis in the record for Judge Wendler's determination that Judge Davis in fact "properly deemed these claims abandoned . . . ."

An incomplete follow-up discussion occurred at a truncated March 13, 2020 hearing, during which petitioner's counsel began explaining that the claims made in the in pro. per. habeas corpus petitions were "either subsumed into the supplemental pleading" being litigated, with counsel then identifying an additional issue "regarding the admissibility of statements of witness Craig Jackson.  Portion of claim 13 that appears in the January 3rd, 2012 petition."  Counsel did not complete his presentation at that hearing since the court needed to adjourn to handle other matters, but counsel did not retreat from his previously stated position that the court needed to issue an order on all of petitioner's claims.

Subsequently, petitioner retained new counsel (Manisha Daryani of the Law Offices of Beles & Beles), who appeared at a November 20, 2020 hearing. Judge Davis began the hearing by seeking to clarify "exactly which issues remain to be dealt with."  The People asserted that the scope of the habeas corpus hearing and "the only two issues for the Court to decide" involved the evidence and issues petitioner had presented during the evidentiary hearing.  As for the remaining claims as to which petitioner had failed to present evidence, the People stated "they would . . . be denied, because there had been a failure of proof by the defense."  In other words, the People *themselves* recognized the need for an explanatory ruling regarding those claims.

Attorney Daryani identified as an additional issue before the court the claim regarding Raymond Price's declarations, noting the court had precluded evidentiary testimony on that claim.  As mentioned, Judge Davis's November 3, 2021 order does not mention that claim.  While attorney Daryani's October 26, 2020 memorandum, and counsel's arguments at the January 15, 2021 hearing, focused on the issues litigated during the

5

evidentiary hearing, the People do not point to, and we have not independently located, any statement by counsel suggesting petitioner's remaining habeas corpus claims were expressly abandoned or not in need of resolution by a court order.[5] The fact that counsel may have focused on a limited universe of claims during the evidentiary hearing does not itself mean the superior court was relieved of its duty to adjudicate all of petitioner's claims and explain its reasons for doing so in an order compliant with rule 4.551(g).

Therefore, as a factual matter, the record does not support Judge Wendler's March 2, 2023 conclusion that an order adjudicating petitioner's remaining claims was not required. Moreover, as a legal matter, it is unclear from the briefing before us why claims not pursued during the evidentiary hearing or in subsequent briefing should be deemed abandoned, as opposed to being subject to denial because petitioner failed to meet his burden of proof[6] or perhaps based on conclusions the court reached following its review of the parties' formal pleadings.[7] What is clear is that, "[a]fter [an] evidentiary hearing, the court . . . will then either grant or deny relief based upon the law and the facts so determined." (*Romero, supra*, 8 Cal.4th at p. 740.) It is the

---

[5] That attorney Daryani did not abandon such claims is buttressed by the fact that counsel's law firm filed a petition in this court in case No. A166140, of which we take judicial notice, seeking to compel respondent to issue an order under rule 4.551(g) on petitioner's remaining habeas corpus claims "to fully adjudicate" them.

[6] See *Duvall, supra*, 9 Cal.4th 464, 474 ["Because a petition for a writ of habeas corpus seeks to collaterally attack a presumptively final criminal judgment, the petitioner bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them"]; see also rule 4.551(c)(1).

[7] See *People v. Romero* (1994) 8 Cal.4th 728, 738–740 (*Romero*); see also *Duvall, supra*, 9 Cal.4th at pp. 476–479; rule 4.551(d) & (e).

6

superior court's responsibility under rule 4.551(g) to express the reasons for denying relief as to each claim. When, as here, the court is faced with ruling on numerous claims presented, rule 4.551(g) necessarily contemplates that the court will identify the claims as to which its explanations pertain.

In accordance with our notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; see also *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

Let a peremptory writ of mandate issue, commanding respondent to set aside and vacate its November 3, 2021 and March 2, 2023 orders, and to issue a new and different order that includes a brief statement explaining respondent's reasons for the resolution of each of petitioner's habeas corpus claims, identifying those claims by claim number.[8]

While this court cannot dictate the manner in which further proceedings occur in respondent superior court, we provide some comments for respondent's consideration. Assuming Judge Davis remains available, it may be more expeditious for him, as the judge who presided over the OSC

---

[8] We acknowledge the petition's request for relief is broader in scope than that sought by petitioner's motion that led to respondent's March 2, 2023 order. Nevertheless, we agree with petitioner that considerations of judicial economy warrant writ relief compelling a statement of reasons as to "*all* claims so there will be no further question as to which claims were denied or why."

To the extent not addressed in this opinion, petitioner's remaining requests for relief are denied.

proceedings and evidentiary hearing, to ensure compliance with this court's peremptory writ of mandate. Additionally, in recognition of the complexity of the habeas corpus proceedings litigated below and the numerous claims asserted by petitioner, we note that nothing in this opinion shall be viewed as precluding respondent from obtaining the parties' assistance and input before it issues an order complying with the peremptory writ of mandate.

To prevent further delay, this opinion shall be final as to this court within 10 days of its filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)